## STATE v. AUSTIN.

(Filed November 26, 1901.)

EVIDENCE—*Competency—Larceny.*

> Where, upon trial of an indictment for larceny of money, it appears in evidence that on the second day after the imprisonment of the defendant a bag containing $35 in money was found lying exposed in a public lot, and there was no evidence tending to show that the defendant had put it there, it was error for the trial judge to refuse to charge that the finding of the money was not a circumstance to be considered against the defendant.

INDICTMENT against J. F. Austin, heard by Judge *A. L. Coble* and a jury, at September Term, 1901, of the Superior Court of ROWAN County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Brown Shepherd,* for *Robert D. Gilmer, Attorney-General,* for the State.

*T. F. Kluttz,* for the defendant.

DOUGLAS, J. This is a conviction for the larceny of money from one Surratt. The evidence is entirely circumstantial. There are various exceptions, but only one that we think necessary to consider. The defendant's sixteenth prayer for instruction is as follows: "In this case there is no evidence that the lot on which the bag of money is said to have been found was at any time in the actual or constructive possession of the defendant, and therefore if the jury believe that the money so found was the property of Surratt, no presumption of defendant's guilt is raised thereby, as the defendant had no dominion or control over said premises (and the alleged finding of said money on said lot is not a circumstance against the defendant in this case)." His Honor gave the instruction

STATE *v.* AUSTIN.

as asked, except the latter part that is in parenthesis. This, we think, he should have given in view of the evidence. It appears from the evidence that the defendant was arrested and put in jail on the night or evening of July 3d, and remained in jail for more than a month. In the afternoon of the second day after his arrest and imprisonment, one of the witnesses found $35 in money in a shot-sack, lying exposed in a public lot used as a camping lot. It does not appear how it got there, and there is no evidence tending to show that the defendant had put it there. It does appear that he was held in close custody after his arrest, and had no opportunity thereafter of getting to the lot. The loss of the money seems to have been generally known, and it seems improbable that it should have lain in so public a place for two days without attracting attention. The mere fact of its being found there under such circumstances is no evidence that the defendant put it there, and therefore no evidence of his guilt. Everyone of the general public had equal facilities for putting it there with the defendant. It is true they did not all have equal facilities for stealing it, but while that fact might be a circumstance to go to the jury, it is not corroborated by the further fact of the money being found in a public lot, two days after the defendant's imprisonment.

Circumstantial evidence may be of two kinds, consisting either of a number of consecutive links, each depending upon the other; or a number of independent circumstances all pointing in the same direction. In the former case, it is said that each link must be complete in itself, and that the resulting chain can not be stronger than its weakest link. In the latter case, the individual circumstances are compared to the strands in a rope, where no one of them may be sufficient in itself, but all together may be strong enough to prove the guilt of the defendant beyond a reasonable doubt. But it necessarily follows that in either case every individual circum-

stance must in itself at least *tend* to prove the defendant's guilt before it can be admitted as evidence. No possible accumulation of irrelevant facts could ever satisfy the minds of the jury beyond a reasonable doubt.

His Honor properly charged that, "In order to justify the inference of guilt from circumstantial evidence, the inculpatory facts must be incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of his guilt." In furtherance of this instruction, and as its natural corollary, he should have instructed the jury under the facts of this case that the mere finding of the money in the public lot did not tend to prove the guilt of the defendant, and therefore should not be considered by them. For his failure to do so at the prayer of the defendant, a new trial must be ordered.

New Trial.