## STATE v. WILL WEST.

### (Filed 17 May, 1910.)

**1. Secret Assault—Evidence Direct—Instructions Inapplicable—Circumstantial Evidence.**

When the evidence relied on by the State for a conviction for a secret assault with intent to kill is wholly direct, tending to show the opportunity and that the prisoner had confessed to the crime to the witnesses testifying, and the prisoner relies upon an *alibi* in defense, the doctrines that the prisoner should be acquitted if there are circumstances which, upon a reasonable hypothesis, are consistent with his innocence, and, also, as to the sufficiency of circumstantial evidence have no application; and though a requested prayer for special instruction correctly states these legal principles, it is not available if unsupported by evidence.

**2. Secret Assault — Evidence Direct—One Intent — Instructions Inapplicable.**

The prisoner having pleaded an *alibi* in defense to an indictment for a secret assault, and the State relying upon direct evidence tending to show opportunity and the admission of prisoner that he followed the assaulted one and his companion, slipping through the woods in the darkness of the night, hiding himself, and that he fired his gun loaded with shot at close range and inflicted the injury upon the one he had not intended to injure, the doctrine as applied in *S. v. Neely,* 74 N. C., 425, "that it is neither charity nor common sense, nor law, to infer the worst intent which the facts admit of," has no application; for if the jury find the facts to be as contended for by the State, the prisoner is guilty of the offense charged.

APPEAL from *Councill, J.,* at March Term, 1910, of BURKE. Indictment for secret assault with intent to kill.

The defendant was indicted, tried and convicted of a secret assault upon one J. D. Morgan, with intent to kill, on the night of 24 January, 1910, in Burke County. The prosecuting witness, Morgan, testified that he, in company with several other men, were walking along a road, he and one Fisher in front. That a gun fired; his eye was shot out, leaving him totally blind, as he had previously lost the sight of one eye; that it was between 9 and 10 o'clock at night; there were bushes on the side of the

road which concealed the presence of the person who shot; that he did not know of the presence of the man who shot him, or see or hear him until he was shot. Blackwood Warlick testified, for the State, that he saw the defendant the morning after the shooting and heard him say that he had shot at Wyatt Fisher and couldn't shoot Fisher without hitting Morgan, and described how he slipped along through the woods and bushes until he got opposite Fisher and Morgan, when he shot. There were other witnesses offered by the State, who testified to similar statements of the defendant, and who detailed other circumstances connecting the defendant with the shooting. The only witnesses for the defendant were himself and his wife. This evidence tended to prove an *alibi*. The jury returned a verdict of guilty, and from the judgment the defendant appealed.

*Attorney-General Bickett* and *Geo. L. Jones* for the State.
*R. L. Huffman* for defendant.

MANNING, J. The assignments of error insisted upon by the defendant are to the refusal of his Honor to give three special instructions. There were no exceptions taken to the evidence, and two of the errors assigned to the charge are abandoned in the brief of the learned counsel for the defendant.

The defendant requested the judge to charge the jury: "That every man is presumed to be innocent until the contrary is proven, and it is a well-established rule in criminal cases that if there is any reasonable hypothesis upon which the circumstances are consistent with the innocence of the accused, the jury should render a verdict of not guilty." The particular part of the instruction which defendant insists should have been given by his Honor is that, "if there is any reasonable hypothesis, etc." The prayer correctly states the rule of law which has been approved by this Court in *S. v. Massey,* 86 N. C., 658; *S. v. Smith,* 136 N. C., 686.

The third rejected prayer was°as follows: "That before you can convict the defendant upon the circumstantial evidence relied upon by the State, you must be satisfied that such circumstantial testimony, the facts, their relation, connections and combinations, are reasonable, clear and satisfactory; and the court further charges you that when circumstantial evidence is relied upon to convict, that it should be clear, convincing and conclusive in its connections and combinations and such as to exclude all rational doubt as to defendant's guilt." This instruction embodies substantially the language of *Chief Justice Merrimon* in *S. v. Goodson,* 107 N. C., 798; *S. v. Wilcox,* 132

152—53

STATE *v.* WEST.

N. C., 1120. It is essential, however, that an instruction, the refusal to give which is assigned as error, should contain not only a correct statement of law, but that it should be sustained by and be applicable to some view of the evidence. *S. v. McDuffie,* 107 N. C., 885; *S. v. Hicks,* 130 N. C., 705.

The State relied upon the confessions of the defendant, as well as evidence of threats, declarations and opportunity to commit the crime; the defendant relied upon an *alibi.* The State said to the defendant: "You had the opportunity and you confessed that you committed the crime." The defendant said: "I did not have the opportunity and did not commit the crime, because I was in another place when the crime was committed." In this conflict of the evidence, unless the evidence of the State carried to the minds of the jury conviction of its truth, and satisfied them beyond a reasonable doubt of defendant's guilt, it was their duty to acquit. We do not, therefore, think it was error to refuse the instructions prayed in this case, as the State relied upon direct evidence—the defendant's confessions, supported by circumstances showing opportunity to commit the crime. *S. v. Flemming,* 130 N. C., 688; *S. v. Crane,* 110 N. C., 536; *S. v. Shines,* 125 N. C., 730. Another rejected instruction of which defendant complains is taken from *S. v. Neely,* 74 N. C., 425, that "it is neither charity, nor common sense, nor law, to infer the worst intent which the facts admit of." This doctrine was applied in that case to a state of facts very different from the present case. How can but one intent be inferred when the defendant, in the darkness of the night, followed Morgan and Fisher, slipping through the woods, hiding himself, and when the favorable moment came, fired his gun, loaded with shot, directly at them and at close range? If the jury believed the defendant was the man who fired the shot, charity should not be invoked to acquit him, but the law, so grossly violated, demanded his conviction. The correctness of the judge's charge that, if the defendant, intending to shoot Fisher, shot Morgan, he would be guilty as charged, was not questioned in this Court, and we think it could not be successfully challenged. The jury have convicted the defendant, and as we find no error, the judgment is affirmed.

No error.