### STATE v. THOMAS MADDEN.

(Filed 22 September, 1937.)

1. **Burglary § 1—**

   Burglary in the first degree is an unlawful and intentional breaking and entry into a dwelling house presently occupied, in the nighttime, with intent to commit the felony charged in the bill of indictment, and proof of each of these essential elements is required for a conviction.

2. **Criminal Law § 32a—Circumstantial evidence is insufficient as matter of law if it fails to exclude to moral certainty hypothesis of innocence.**

   While circumstantial evidence is an accepted instrumentality in establishing the commission of a crime or any essential element thereof, the circumstances proved must be consistent with each other and with the hypothesis that accused is guilty, and must exclude to a moral certainty the hypothesis that accused is innocent, and circumstantial evidence which supports a reasonable hypothesis of innocence is insufficient as a matter of law to sustain a conviction.

3. **Burglary § 9—Circumstantial evidence in this case held insufficient to establish unlawful breaking and entry.**

   The evidence in this case tended to show that prosecutrix was standing at her front door in the nighttime after being aroused by noise of someone attempting to enter the house, that she was there knocked unconscious, and that accused assaulted her, that thereafter blood was found in the front room where she was standing, a larger quantity of blood was found in the kitchen and back porch, and that the back door, which had been locked and the key left in the lock on the inside, was open, and that the back screen door, which had been latched, was unlatched, and that parts of two boards were torn out of the floor of the back porch, leaving a hole about six inches wide, and that some two weeks later a small hole was found in the screen door near the latch. There was no evidence that the lock of the back door was broken or sprung or the key expelled from the lock, or that the woodwork of the back door was damaged. *Held:* The evidence does not exclude to a moral certainty the possibility that accused entered the house through the open front door, and is insufficient as a matter of law to establish an unlawful breaking and entry essential to establish the count of burglary in the first degree.

STATE *v.* MADDEN.

INDICTMENT for burglary in the first degree, tried at the February Term, 1937, of SURRY, before *Hill, Special Judge.* New trial.

On the night of 1 November, 1936, the prosecutrix, Sarah Wood, after giving medicine to her husband, who was sick and in bed, retired between nine and ten o'clock. About 11:45 she heard a noise at her window and, upon looking, discovered a man crawling away from the window toward the rear of the house. After dressing she took the lamp and went to the back porch and there had a conversation with a man she identified as the defendant. This man went to the back screen door and began shaking it as if trying to enter. The prosecutrix went back in the house and locked the back door, leaving the key in the lock. She informed her husband about the presence of the man and, after he had dressed, both of them went to the front door, called for assistance, or to get a neighbor to telephone the officers. Prosecutrix opened the front door and stepped out on the porch a sufficient distance to look each way and saw no one. She still heard the noise at the back screen door, which terminated in a noise which sounded like the slamming of a screen door. While the prosecutrix and her husband were standing at the front door looking out the prosecutrix received a lick in the face, which rendered her unconscious. The husband at the same time was stricken and became unconscious.

Some time thereafter the prosecutrix sufficiently recovered to attract the attention of neighbors. When the neighbors arrived they discovered a small quantity of blood in the front room, large quantities in the kitchen, and considerable blood on the back porch, which had the appearance of having been wallowed in. Both the prosecutrix and her husband were seriously injured. At that time the back door was standing open and the back screen door was unlatched. Just inside of the back screen door two boards, each three inches wide, had been pushed down toward the ground, leaving an opening about six inches wide. About two or three weeks later a hole about the size of a small nail was discovered in the screen door near the latch. At the time prosecutrix retired all of the windows of the house were closed, the back screen door was latched, and the back door was locked. None of the windows were disturbed and no physical injury was done to the building except as indicated. Detailed evidence as to the offense committed and that tending to show the identity of the defendant is omitted.

There was a verdict of guilty and a judgment of death, from which the prisoner appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State, appellee.*

*A. E. Tilley and Wilson Barber for defendant, appellant.*

BARNHILL, J.   The court below, in its charge to the jury, properly defined the crime of burglary in the first degree as being constituted of the following essential elements: (1) An unlawful and intentional breaking, and (2) an unlawful and intentional entry; (3) into a dwelling house presently occupied; (4) in the nighttime; (5) with intent to commit the felony charged in the bill.   Each of these essential elements, constituting the crime of burglary in the first degree, was clearly defined with commendable accuracy.

There was sufficient evidence tending to show the identity of the defendant, and that the dwelling house of the prosecutrix and her husband, then occupied by them, was entered during the nighttime, and that a felonious assault was actually committed.   The only feature of the testimony we need to discuss is the sufficiency of the evidence to show an unlawful and intentional breaking and entry.   To establish this essential element of the crime charged, the State relied upon circumstantial evidence, which is a well recognized and accepted instrumentality of truth in the proof of the commission of a crime, or in establishing the existence of any essential element thereof.   Each essential element must be established beyond a reasonable doubt and failure upon the part of the State to so establish any essential element of the crime requires a verdict of acquittal.

Circumstantial evidence is not sufficient to justify conviction if the circumstances are consistent with either the hypothesis of innocence or the hypothesis of guilt.   To justify inference of guilt the circumstantial evidence must exclude to a moral certainty every other reasonable hypothesis.

In order to sustain a conviction on circumstantial evidence all the circumstances proved must be consistent with each other, consistent with the hypothesis that accused is guilty and at the same time inconsistent with the hypothesis that he is innocent and with every other rational hypothesis except that of guilt.   In short, if all the material circumstances in evidence point to guilt and exclude any reasonable hypothesis except that of guilt—in other words, if they are inexplicable on the theory of innocence—a conviction is warranted.   *S. v. Plyler,* 153 N. C., 630; *S. v. West,* 152 N. C., 832; *S. v. Wilcox,* 132 N. C., 1120; *S. v. Austin,* 129 N. C., 534; 16 C. J., sec. 1568.   If all the circumstances proved, taken together, are as compatible with innocence as with guilt, there arises a reasonable doubt, requiring an acquittal.   *U. S. v. Hart,* 78 Fed., 868.   Of two reasonable hypotheses supported by the evidence in a criminal case, it is the jury's duty to adopt the hypothesis of innocence, *Johnson v. State* (Ga.), 79 S. E., 524, even though that of guilt is the more probable.   *Thompson v. State* (Miss.), 35 S., 689.

To establish an unlawful breaking and entry the State relied upon the testimony of the prosecutrix and her husband.   This testimony tends

to show that the screen door to the back porch was hooked and the back door to the house was locked; that the windows were locked, and that the front door was the only other normal means of entry to the house; that the windows were not disturbed; that the screen door to the back porch had a hole about the size of a small nail in it near the latch, which was not there before the night in question; that after the occurrences detailed by the prosecutrix, neighbors found the back door open and the screen door unlatched. Parts of two boards were torn out of the floor of the back porch, leaving a hole about six inches wide. There was blood in the front room, in the kitchen, and on the back porch. The blood on the back porch "looked as if someone had wallowed in it." The defendant was seen by the prosecutrix at the back screen door, shaking it as if trying to enter. After she left the rear of the house she still heard the shaking of the door and, just before she was assaulted heard something which sounded like the slamming of a screen door. The State contends that this evidence is sufficient to establish an entry through the screen door to the back porch and the back door to the house.

If no other facts and circumstances appeared, it might be said that the only reasonable hypothesis to be drawn from this testimony is that the defendant entered the dwelling house of the prosecutrix through the rear of the house, as contended by the State.

The State's evidence further discloses, however, that when the prosecutrix left the rear of the house she and her husband went to the front door, opened same, and the prosecutrix stepped out on the front porch; that while the prosecutrix and her husband were looking out toward the front she was struck in the face; that she heard no assailant approach, either from the front or the rear; that when the prosecutrix locked the back door she left the key in the lock; that there was no evidence that this lock had been tampered with; the woodwork was not disturbed and the lock was not sprung or broken and the hole in the screen wire was not found until two or three weeks after the occurrence. It likewise appears that the prosecutrix and her husband were stricken in the front room at the front door; that there was a small quantity of blood in that room and a greater quantity in the kitchen and on the back porch.

If this evidence, considered in the light most favorable to the State, justifies an inference reasonable and logical in its conclusions, which is consistent with the innocence of the defendant of the crime charged, the defendant is entitled to the benefit of that hypothesis. If the circumstances relied upon, considered in connection with the other testimony offered by the State, do not tend to exclude the hypothesis of innocence, but is merely subject to an interpretation which would establish the guilt of the defendant, the defendant is entitled as a matter of law to

have that conclusion which is consistent with his innocence applied in his favor, for circumstantial evidence, when relied on to convict, should be clear, convincing, and conclusive in its connections and combinations, excluding all rational doubt as to the prisoner's guilt. To justify the inference of guilt the circumstantial evidence must exclude to a moral certainty every other reasonable hypothesis.

The circumstances relied upon by the State to establish an unlawful breaking and entry, when considered as a whole, would tend to show that the entry was made through the front door, where the prosecutrix and her husband were assaulted, and that after the assault the defendant unlocked the back door and made his exit through the rear of the house. Certainly, this inference is as reasonable and logical—if not more so—as the one the State seeks to have drawn from the testimony. There was very little evidence, if any, which would exclude this hypothesis, which is consistent with the defendant's innocence. Certainly the testimony does not exclude this inference to a moral certainty. If, as the State contends, the defendant made his entry through the back door, just how he did so without damaging the woodwork, breaking or springing the lock, or disturbing the key, which was on the inside of the lock, is shrouded in mystery and a subject merely of conjecture.

"Evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it is so, is an insufficient foundation for a verdict and should not be left to the jury." *S. v. Vinson*, 63 N. C., 335.

The evidence discloses that a vicious, felonious assault has been committed, but we must not permit the gravity of the crime committed to withdraw our attention from the controlling principles of law involved in this action.

We conclude that there was no sufficient evidence of a felonious breaking and entry to justify the submission of this cause to the jury upon the principal or initial charge contained in the bill of indictment, and that to that extent the motion of the defendant to dismiss as of nonsuit should have been allowed. The case should have been submitted to the jury only as to such of the lesser offenses embraced in the bill as are supported by the testimony.

We have refrained, as far as possible, from detailing or discussing any of the evidence other than that which had a bearing upon the charge of unlawful breaking and entry for the reason that the defendant will again be tried for lesser offenses embraced within the present bill of indictment, or upon another and a different bill of indictment, as the solicitor may elect.

For the reasons assigned, this cause is remanded for a

New trial.