Criminal prosecution on a bill of indictment charging (1) the felonious burning of a certain barn and stable; and (2) the felonious attempt to burn said barn and stable.
The prosecuting witness Ferguson lives on his farm on a public road leading into the Mountain View road. The defendant owns an adjoining farm to the east occupied by her son-in-law. She also owns an adjoining farm across the road to the south. Ferguson's feed barn is located just north of the public road about 10 or 15 feet therefrom facing Ferguson's driveway with the side to the public road. In going from one farm to the other defendant can use either a private road which comes into the public road to the west of the Ferguson feed barn, or a footpath which comes into the road at the Ferguson pack house.
During the early morning of 29 July, 1941, Ferguson discovered a fire at his feed barn. Wheat chaff and other debris, a trailer and part of the barn were on fire. Tracks leading along the public road, thence across the road along the space between the road and the feed barn, thence back into and down the road to defendant's farm to the east of the Ferguson farm were found. These tracks were identified as those of the defendant. She admitted the tracks and stated that she had gone the night before to notify her son that he would have to go to work one hour earlier the next morning due to the change in time. There was also the appearance of other unidentified tracks on the wheat chaff.
In tracing the tracks the sheriff went to the defendant's farm. She drove up and asked, "What are you doing here?" He replied, "Somebody set Mr. Ferguson's barn afire and I am over investigating it." She replied, "You don't think I did it, do you?" Then, at the request of the sheriff, she showed him her shoes and he took her into custody, after which she was nervous and perspiring. Ill feeling had existed between the defendant and Ferguson for some time.
There was a verdict of guilty on the second count. From judgment thereon the defendant appealed.
The evidence discloses that tracks of the defendant were found at the scene of the fire and that there was ill feeling between the parties. Just when the tracks were made is not disclosed. Whether the defendant passed by the barn just prior to or several hours before the fire does not appear. Nor is there any evidence tending to show the origin or cause of the fire. All the other circumstances are entirely consistent with the innocence of the defendant. It follows that there is *Page 37 
no evidence that the fire was of incendiary origin and no sufficient testimony tending to incriminate the defendant. Hence, this prosecution is not substantially distinguishable from that in S. v. Jones, 215 N.C. 660,2 S.E.2d 867. The opinion in that case, as supported by the cited cases, is controlling.
The judgment below is
Reversed.