### STATE v. PAUL WILLIAMS, JR.

(Filed 9 October, 1957.)

**Assault and Battery § 4—**

> Mistaken identity of the victim is not a defense to the crime of felonious assault.

APPEAL by defendant from *Pless, J.,* 29 July, 1957, Regular Criminal Term, of MECKLENBURG.

In separate bills, Richard Fisher and Paul Williams, Jr., appellant, were indicted for felonious assault as defined by G.S. 14-32 on J. B. "Red" Pressley; and Arthur Hunter was indicted for conspiring with Fisher and Williams to commit such assault. The three cases were consolidated for trial.

The only evidence was that offered by the State. It tended to show the facts summarized below.

Pressley lived in the house of George Keziah and was in the Keziah house when the incidents narrated below occurred.

Shortly before midnight, Fisher and Williams went to the Keziah house, but Keziah refused to let them in, basing his refusal on a prior shooting incident. Fisher told Keziah: "Let me go home and get my g—— d—— shotgun and I will blow my way in the house." Thereupon, Fisher and Williams left.

When they left the Keziah house, Fisher and Williams went to a nearby poolroom where they met Hunter. Hunter, who had a car, first took Fisher and Williams to "Bill Wick's house," where they tried to borrow a gun. Unable to borrow a gun from Wick, Hunter drove Fisher and Williams to Williams' house. Williams went into his house, got a single-barrel shotgun, and then came back and got in the car. When they passed Keziah's house, on their way back to the poolroom, Williams fired from the moving car into the Keziah house. Shot from this blast entered the house.

Leaving Hunter in the poolroom, Fisher and Williams went to a spot near the Keziah house from which they had a view of the back (screen) door. While Fisher and Williams stood there, between a parked car and a tree, two other persons came to the back door of the Keziah house. Pressley (not Keziah) went to the door and let them into the house; and, while Pressley stood in the house at the open door, Fisher raised the shotgun and shot him, causing Pressley to lose one eye and to suffer other serious injuries. Fisher and Williams then fled from the scene.

As to Fisher, the verdict was "guilty of FELONIOUS ASSAULT"; and the judgment pronounced was "that he be confined in the State Penitentiary at hard labor for not less than five (5) nor more than seven (7) years."

As to Williams, appellant, the verdict was "guilty of FELONIOUS ASSAULT ON THE BASIS OF AIDING AND ABETTING"; and the judgment pronounced was "that he be confined in the State Penitentiary at hard labor for not less than three (3) nor more than five (5) years."

As to Hunter, the verdict was "guilty of ASSAULT WITH A DEADLY WEAPON ON THE BASIS OF AIDING AND ABETTING, AND IN HIS CASE WE RECOMMEND LENIENCY." As to Hunter, the court continued prayer for judgment until the 30 September, 1957, Term of Criminal Court.

Williams excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*James B. Ledford and L. Glen Ledford for defendant, appellant.*

PER CURIAM. As to Williams, sole appellant, there was ample evidence to support the verdict; and consideration of each of his eleven assignments of error fails to disclose any error of law deemed sufficiently prejudicial to justify the award of a new trial.

The applicable principles of law are well established. No restatement thereof is required, nor would it serve a useful purpose to analyze in greater detail the evidence tending to establish appellant's guilt.

While the evidence tends to show that the enmity of Fisher and Williams was directed primarily towards Keziah whom they knew and not against Pressley whom they did not know, mistaken identity of the victim is not a defense to the crime of felonious assault. *S. v. West,* 152 N.C. 832, 68 S.E. 14; *S. v. Heller,* 231 N.C. 67, 55 S.E. 2d 800.

No error.