STATE v. LOUISE LONG LANGLOIS.

(Filed 11 January 1963.)

**1. Criminal Law § 101—**

The burden is on the State in a criminal prosecution to prove the *corpus delicti* and that defendant is the person who committed the offense.

**2. Same—**

In order to be sufficient to overrule nonsuit, the State's evidence must raise more than a conjecture of defendant's guilt, and evidence which merely establishes the possibility that defendant committed the offense is insufficient.

**3. Homicide § 20—**

Evidence that defendant's child died from peritonitis caused by some sharp or severe blow to the abdomen, that defendant had been seen on several occcasions to punish the child severely, that the body of the child was covered with bruises and lacerations, with some evidence of defendant's silence in the face of accusations with respect to mistreatment of the child, but no evidence of any accusations made in the presence of defendant that defendant struck the particular blow causing the death, *is held* insufficient to be submitted to the jury, since it raises a mere conjecture as to whether defendant is the person who committed the offense.

APPEAL by defendant from *Shaw, J.*, 30 May Regular Criminal Term 1962 of IREDELL.

The defendant Louise Long Langlois and her husband Joseph E. Langlois were indicted at the Fall Term 1962 by the Grand Jury in Iredell Superior Court and charged in the same bill of indictment with the murder of Thomas Morris Langlois on 27 October 1961, with malice aforethought.

When the case was called for trial the solicitor announced that the State would not ask for a verdict of murder in the first degree but would seek a verdict of murder in the second degree or manslaughter, as the evidence in the case might warrant.

The State's evidence tends to establish these facts:

(1)   Thomas Morris Langlois, son of the defendants, a child about three and one half years of age, died on 27 October 1961 as the result of extensive peritonitis, caused by the rupture of the small intestine;

(2)   That the rupture in the small intestine had existed for 24 to 48 hours prior to the child's death;

(3)   That the perforation or small hole in the small intestine was caused by an extremely hard blow to the abdomen which caused infection which in turn caused death;

(4)   That the body of the child was virtually covered with bruises and lacerations, approximately 150 of them. Most of the lacerations were superficial, that is, not entirely through the skin. There were approximately a dozen or more lacerations which were through the skin which would have required suturing or sewing up had the child lived. The laceration on the abdomen of the child was approximately three eights to one half inch deep.

Dr. L. B. McBrayer, who was found to be a medical expert specializing in pediatrics, performed an autopsy on the deceased child. Dr. McBrayer, with respect to the lacerations and bruises found on the body of the child immediately after death, testified: "It is my opinion

that those lacerations and bruises were traumatic in nature, that is, caused by blows to his body not self-inflicted."

Other evidence of the State tends to show that sometime during the Spring of 1961, the *feme* defendant was observed hitting this child after she had placed him in a car at a supermarket; that she hit the child in the head several times with her fist. Other evidence tends to show that the defendant mother, the latter part of August 1961, hit the child a number of times with the tongue of a child's wagon. On another occasion in August 1961 the mother was seen whipping the child in the yard of the home with a switch.

The evidence also tends to show that the deceased child had been suffering from anemia most of his life; that he was clumsy and fell often. He was treated by Dr. McBrayer on occasions for bruises and lacerations on his body. He was hospitalized for an evaluation of his condition and was found to be free of any disease of the blood except for the presence of anemia. Dr. McBrayer further testified: "Yes, some of the lacerations that I have mentioned as being on the body could be classified as scratches. I am not sure that I was the only one who ever treated this child * * *. I have seen it off and on since it was about a month old. From time to time he has had scratches and bruises on him since the time that he started crawling. * * * I would not classify this child as any more clumsy than any anemic baby of his age. One of the histories that his mother gave me was that he fell frequently and was clumsy. The other story she gave me was that this older sister (who was about two years older than the deceased child) was rough on the child. * * * I said that the bruises that I found on the body were caused by trauma, that is, some external force, but I do not know what that was."

Sheriff Rumple talked with Mrs. Langlois about the bruises on the child's body and, according to the Sheriff's testimony, she made several statements. First, she told him the child fell off his tricycle; then she made the statement that he fell out the back door of the home and then she changed and said he had fallen out the front door; later she made another statement that he fell off a pile of wood in the back yard. The Sheriff testified that he made an investigation and that he found no wood in the yard at all. There was other testimony tending to show that the mother had at other times mistreated the deceased child, but no dates as to the time of such mistreatment were disclosed.

At the conclusion of the State's evidence a motion for judgment as of nonsuit as to both defendants was made and allowed as to defendant Joseph E. Langlois and denied as to defendant Louise Long Langlois.

The jury returned a verdict of guilty of manslaughter. Sentence was imposed, and the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General G. A. Jones, Jr., for the State.*

*W. R. Battley; Jay F. Frank; Deal, Hutchins and Minor; Ed T. Pullen for defendant.*

DENNY, C.J. The defendant assigns as error the refusal of the court below to sustain her motion for judgment as of nonsuit at the close of all the evidence.

We think the real question involved in this appeal is simply this: Who inflicted the injury to Thomas Morris Langlois that ruptured his small intestine which caused the infection which in turn caused his death?

It is fundamental law that the proof of a charge in a criminal case involves the proof of two distinct propositions: (1) That the act complained of was done, and (2) that it was done by the person or persons charged and by none other. Proof of both is a prerequisite to a conviction. *S. v. Norggins,* 215 N.C. 220, 1 S.E. 2d 533; *S. v. Edwards,* 224 N.C. 577, 31 S.E. 2d 762; *S. v. Bass,* 253 N.C. 318, 116 S.E. 2d 772.

The State's evidence, in our opinion, was sufficient to show the following: (1) That the defendant had been seen on several occasions to punish the deceased child rather severely, the last incident being some two months before the child's death. (2) That the child died from peritonitis due to some sharp or severe blow to the abdomen which punctured his small intestine. (3) That the body of the child was covered with bruises and lacerations. (4) That certain accusations were made in the presence of the defendant which would ordinarily call for some sort of denial by the defendant, but none was made. However, the persons purported to have made the accusations took the stand at the trial and denied having made the accusations. Even so, the accusations with respect to mistreatment of the child on the part of the defendant do not tend to show that the defendant struck the blow that caused the peritonitis which in turn caused the death of the child.

In the case of *S. v. Prince,* 182 N.C. 788, 108 S.E. 330, Walker, J., speaking for the Court, said: "We may say generally that evidence should raise more than a mere conjecture as to the existence of the fact to be proved. The legal sufficiency of proof and the moral weight of legally sufficient proof are very distinct in the conception of the law. The first lies within the province of the court, the last within that of the jury. Applying the maxim, *de minimis non curat lex,* when we say that there is no evidence to go to the jury, we do not mean that there is literally and absolutely none, for as to this there could be no room for any controversy, but there is none which ought reason-

ably to satisfy the jury that the fact sought to be proved is established, though there is no practical or logical difference between no evidence and evidence without legal weight or probative force. The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one, in his own affairs, may base his judgment on mere probability as to a past event, when he assumes the burden of establishing such event as a proposition of fact and as a basis for the judgment of a court, he must adduce evidence other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for a mere guess, and must be such as tends to actual proof. * * *" *S. v. Simpson*, 244 N.C. 325, 93 S.E. 2d 425; *S. v. Simmons*, 240 N.C. 780, 83 S.E. 2d 904; *S. v. Grainger*, 238 N.C. 739, 78 S.E. 2d 769; *S. v. Minton*, 228 N.C. 518, 46 S.E 2d 296.

In the last cited case it is said: "It is an established principle of the administration of criminal law that circumstantial evidence is insufficient to sustain a conviction unless the circumstantial facts shown on the hearing are 'of such a nature and so connected or related as to to point unerringly to the defendant's guilt and exclude any other reasonable hypothesis.' *S. v. Harvey*, 228 N.C. 62, 44 S.E. 2d 472." See also *S. v. Coffey*, 228 N.C. 119, 44 S.E. 2d 886 and *S. v. Madden*, 212 N.C. 56, 192 S.E. 859.

Likewise, "the guilt of an accused is not to be inferred merely from facts consistent with his guilt, but they must be inconsistent with his innocence. *S. v. Massey*, 86 N.C. 658. 'Evidence which merely shows it possible for the facts in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury.' *S. v. Vinson*, 63 N.C. 335." *S. v. Harvey, supra*, and cited cases.

This assignment of error will be upheld.

Reversed.