STATE v. CLARENCE WILLIE LOWTHER.

(Filed 22 September, 1965.)

**1. Criminal Law § 98—**

In a prosecution in which the State relies upon circumstantial evidence it is the duty of the court, upon motion to nonsuit, to determine whether there is substantial evidence of each essential element of the offense charged and of defendant's guilt thereof, and it is the function of the jury to say whether the circumstances in evidence are so connected and related as to point unerringly to guilt, and to exclude to a moral certainty every other reasonable hypothesis except that of guilt.

**2. Criminal Law § 106—**

In this prosecution in which the State relied upon circumstantial evidence, the court's charge that the circumstances or conditions relied upon

must be such as are not only consistent with guilt but inconsistent with innocence, *held* an insufficient statement of the intensity of proof necessary to warrant a verdict of guilty on circumstantial evidence, it being necessary for that purpose that the circumstances be so connected or related as to point unerringly to defendant's guilt and exclude any other reasonable hypothesis, the burden remaining upon the State to satisfy the jury beyond a reasonable doubt of defendant's guilt.

APPEAL by defendant from *Morris, J.,* March 1965 Session of CHOWAN.

Criminal prosecution upon an indictment charging defendant on 7 January 1965 in one count with feloniously breaking and entering a shop and dwelling house occupied by Claude Rogers, wherein merchandise, money and personal property were, with intent to commit larceny, and in a second count on the same date and in the same place with the larceny of $7 in U. S. currency, the property of Claude Rogers, and of $20 in U. S. currency, the special property of Claude Rogers by virtue of bailment.

Plea: Not guilty. Verdict: Guilty.

From a judgment of imprisonment for 18 months, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard, and Assistant Attorney General James F. Bullock for the State.*

*George E. Tillett; Samuel S. Mitchell and Romallus O. Murphy for defendant appellant.*

PARKER, J. The State's evidence was amply sufficient to carry the case to the jury on both counts in the indictment. Defendant made no motion for judgment of nonsuit, makes no contention in his brief that the State's evidence was insufficient to carry the case to the jury on both counts in the indictment, and his only assignments of error are to the charge.

Defendant assigns as error this part of the charge:

"Now as I stated to you the State relies upon what is known as circumstantial evidence. Now circumstantial evidence, gentlemen of the jury, is a recognized and accepted instrumentality in North Carolina, in the ascertainment of the truth, and is highly acceptable in matters of most grave moment, but the circumstances and conditions relied upon must be such as are not only consistent with guilt, but must be inconsistent with innocence."

A reading of the entire charge shows that the above quotation is the only instruction in respect to circumstantial evidence given by the court to the jury.

When the State relies upon circumstantial evidence to convict, it seems that not infrequently counsel and at times the trial court have been confused as to "the rules for testing the quantum of proof necessary (1) to carry a case to the jury, and (2) thereafter to warrant the jury in returning a verdict of guilty." *S. v. Moore,* 262 N.C. 431, 137 S.E. 2d 812.

"In all fairness it may be observed that [in respect to circumstantial evidence] some of the decisions of this Court have not tended to clarify the distinction between the court's and the jury's functions." *S. v. Davis,* 246 N.C. 73, 97 S.E. 2d 444.

The rule in respect to the sufficiency of circumstantial evidence to carry the case to the jury is lucidly stated in an opinion by Higgins, J., in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, as follows:

> "We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury."

This has been quoted with approval in whole or in part in *S. v. Davis, supra; S. v. Horner,* 248 N.C. 342, 103 S.E. 2d 694; *S. v. Parrish,* 251 N.C. 274, 111 S.E. 2d 314; *S. v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411; *S. v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728. The rule as stated in the *Stephens* case has been approved as recently as the Fall Term 1964 in *S. v. Moore, supra.*

No set form of words is required which the court must use to convey to the jury the rule relating to the degree of proof required for conviction on circumstantial evidence in a criminal case. *S. v. Shook,* 224 N.C. 728, 32 S.E. 2d 329. This Court has consistently held that circumstantial evidence is sufficient to justify a conviction when, and only when, the circumstances proved are consistent with the hypothesis that the accused is guilty, and at the same time are inconsistent with the hypothesis that he is innocent and with every other reasonable hypothesis except that of guilt. In brief, if all the material circumstances proven are of such a nature and so connected or related as to point unerringly to guilt, and to exclude to a moral certainty every other reasonable hypothesis except that of guilt, a conviction is warranted. If all the circumstances taken together are as compatible with innocence as with guilt, the jury should acquit. Unless the circumstantial evidence, as the jury finds it to be, meets the above standard to convict, the jury should acquit, and it is the duty of the court to so instruct it. *S. v. Potter,* 252 N.C. 312, 113 S.E. 2d 573; *S. v. Davis, supra; S. v. Smith,* 236 N.C. 748, 73 S.E. 2d 901; *S. v. Needham,* 235 N.C. 555, 71 S.E. 2d 29; *S. v. Jarrell,* 233 N.C. 741, 65 S.E. 2d 304; *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268; *S. v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *S. v. Jones,* 215 N.C. 660, 2 S.E. 2d 867; *S. v. Madden,* 212 N.C. 56, 192 S.E. 859; *S. v. Plyler,* 153 N.C. 630, 69 S.E. 269; *S. v. West,* 152 N.C. 832, 68 S.E. 14; *S. v. Wilcox,* 132 N.C. 1120, 44 S.E. 625; *S. v. Brackville,* 106 N.C. 701, 11 S.E. 284; 23 C.J.S., Criminal Law, § 907.

When the State relies on circumstantial evidence, in whole or in part, to convict, it is for the jury to determine the weight and credit, if any, to be given the circumstances shown in evidence and the inferences to be drawn therefrom. Consequently, the question whether the circumstances shown in evidence are of such a nature and so connected or related as to point unerringly to defendant's guilt and to exclude any other reasonable hypothesis involves questions of fact to be resolved by the jury. Of course, when the State relies upon circumstantial evidence, in whole or in part, to convict, it must satisfy the jury beyond a reasonable doubt of defendant's guilt before it is entitled to a verdict of guilty.

When the court's charge on circumstantial evidence, which is challenged by an assignment of error, is tested by what we have consistently held as to the intensity of proof necessary to warrant a jury's returning a verdict of guilty on circumstantial evidence, it appears that the court's charge on circumstantial evidence is inadequate and prejudicial, and entitles defendant to a

New trial.