STATE OF NORTH CAROLINA v. CARL HUBERT ALSTON, JR.

No. 21

(Filed 17 October 1978)

1. **Criminal Law §§ 75.7, 76.5— voir dire hearing—general on-the-scene question—immaterial discrepancy in testimony— findings not required**

   Voir dire testimony by a police officer that he had not asked defendant any questions when he saw defendant enter a hospital emergency room with his wife and subsequent conflicting voir dire testimony by the officer that he had asked defendant "what happened" when he saw him enter the emergency room did not require the court to make findings of fact before admitting defendant's statement to the officer in the emergency room that he had stabbed the man who had cut his wife, since a question by the officer as to "what happened" would constitute a general on-the-scene question not requiring the Miranda warnings, and the conflict in the voir dire evidence was thus immaterial and had no effect on the admissibility of defendant's statement.

2. **Criminal Law § 75.13— confession to hospital worker**

   Defendant's statement to a hospital worker that "a man that would do something like that deserved killing and he was going back out there" was admissible where it was made on defendant's own initiative.

3. **Homicide § 21.7— second degree murder—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show: defendant and deceased engaged

in a fight, at which time defendant's wife was apparently cut; defendant chased deceased toward a street where a witness saw a stabbing take place; another witness saw deceased lying in that street; an officer saw defendant come into a hospital later that night with his wife who was bleeding from a cut on her face; and defendant told the officer that a man had cut his wife and he had stabbed him and left him out there.

**4. Criminal Law § 112.4— instruction on circumstantial evidence**

The trial court's instruction that in order to rely on circumstantial evidence the jury must "be satisfied beyond a reasonable doubt that not only is the circumstantial evidence relied upon by the State consistent with the defendant being guilty but that it is inconsistent with his being innocent" was a sufficient charge on the intensity of proof required when the State relies on circumstantial evidence without containing a statement that circumstantial evidence "must point unerringly to defendant's guilt and exclude every other reasonable hypothesis."

**5. Homicide §§ 26, 27— instructions defining second degree murder and voluntary manslaughter**

The trial court's instructions defining second degree murder and voluntary manslaughter were not deficient in failing to require that the killing be intentional, since a specific intent to kill is not an element of either of those crimes.

Justice BRITT took no part in the consideration or decision of this case.

APPEAL by defendant pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 35 N.C. App. 691, 242 S.E. 2d 523 (1978) (*Hedrick, J.,* concurred in by *Britt, J.,* with *Webb, J.* dissenting). That court found no error in the defendant's trial before *Judge Robert A. Collier, Jr.,* 30 May 1977 Criminal Session of GUILFORD Superior Court.

The defendant was indicted and convicted of the second degree murder of Edward Alexander Barnhardt. He received a sentence of imprisonment for not less than thirty-five (35) nor more than forty (40) years.

The State's evidence tended to show the following:

On the evening of 16 January 1977, defendant, his wife and the deceased were at the Carlotta Supper Club located on East Market Street in Greensboro. After the deceased and defendant's wife danced together, they had a disagreement. The deceased left the club. A fight between defendant and the deceased ensued outside, at which time defendant's wife was apparently cut. The deceased ran, and defendant followed.

A witness for the State testified that she was driving on East Market Street near the Carlotta Supper Club on the night of 16 January 1977 with her sister. She saw a man in the road being stabbed continuously by another man straddled over him. Another witness said at trial that she saw the deceased lying in the street near the club after she had observed the defendant chase him following the fight.

Officer James E. Joyner of the Greensboro Police Department testified that he was at the emergency room of Moses Cone Hospital in Greensboro on 16 January 1977 investigating the report of an animal bite. He observed the defendant enter the emergency room with his wife who was bleeding profusely from a laceration on the right side of her face. At that time, defendant stated that a man had cut his wife, and he had stabbed him repeatedly and left him. Officer Joyner followed the defendant outside the hospital to defendant's car where the policeman saw a closed knife with fresh blood on it. There was also blood on the seat and the floor of the passenger side of the car.

Dr. Harry Lester Johnson, Jr. stated that in his opinion, Edward Alexander Branhardt died as a result of stab wounds to the neck and face.

The defendant presented no evidence.

Additional facts relevant to the decision are related in the opinion below.

*Attorney General Rufus L. Edmisten by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Assistant Public Defender D. Lamar Dowda for the defendant.*

COPELAND, Justice.

After reviewing the defendant's many assignments of error both to this Court and to the Court of Appeals, we have concluded that there was no error in the trial below.

[1] Defendant first contends that the court erred in failing to find facts after conducting a *voir dire* examination at trial.

Officer Joyner took the stand and testified that he was at Moses Cone Hospital on the night of 16 January 1977 and saw the defendant enter the emergency room with a woman who was bleeding from her face. After he was asked what the defendant said, but before the officer answered, the defendant objected. The jury was excused, and a *voir dire* hearing was held.

On *voir dire* the policeman testified that the defendant stated he stabbed the man who had cut his wife. On direct examination Joyner said that he had not asked the defendant any questions, but on cross-examination the officer stated that he first asked the defendant "what happened" when he entered the emergency room. The defendant contends that this discrepancy requires findings of fact by the judge before the defendant's statement could be properly admitted into evidence.

In *State v. Riddick*, 291 N.C. 399, 408-09, 230 S.E. 2d 506, 512-13 (1976), Justice Huskins, speaking for this Court, aptly stated the law on this point:

"The general rule is that the trial judge, at the close of the *voir dire* hearing, *should* make findings of fact to show the bases of his ruling. If there is a *material* conflict in the evidence on *voir dire* he *must* do so in order to resolve the conflict . . . . If there is a conflict in the evidence which is *immaterial* and has no effect on the admissibility of the confession, it is not error to admit the confession without findings because the purpose of specific findings of fact is to show, for the benefit of the appellate court on review, the factual bases of the trial court's determination of admissibility . . . . [I]t is always the better practice to make findings." (Citations omitted.) (Emphasis supplied.)

This case falls into the last category. Even if we assume that Officer Joyner did ask the defendant "what happened" when he came into the emergency room, this fact does not affect the admissibility of defendant's statement.

It is clear that incriminating statements made in response to general on-the-scene police questioning are admissible. *State v. Pruitt*, 286 N.C. 442, 212 S.E. 2d 92 (1975); *State v. Meadows*, 272 N.C. 327, 158 S.E. 2d 638 (1968). *Miranda* warnings need not be given:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. . . . General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." *Miranda v. Arizona*, 384 U.S. 436, 477, 16 L.Ed. 2d 694, 725, 86 S.Ct. 1602, 1629 (1966).

As the situation in this case falls within the category of permissible general questions by officers of the law, this assignment of error is overruled.

[2]  At the conclusion of the *voir dire* hearing, the trial judge stated that none of defendant's statements could be admitted "except what he said when he first walked in the door." Defendant complains that the judge then admitted his statement to the desk clerk that "a man that would do something like that deserved killing and he was going back out there." It is well settled that incriminating statements made to persons unconnected with law enforcement are admissible as long as they were made freely and voluntarily. *State v. Spence*, 271 N.C. 23, 155 S.E. 2d 802 (1967), *remanded*, 392 U.S. 649, 20 L.Ed. 2d 1350, 88 S.Ct. 2290 (1967), *rev'd on other grounds*, 274 N.C. 536, 164 S.E. 2d 593 (1968). As the evidence showed that defendant made this declaration to the hospital worker on his own initiative, this argument is without merit.

The Court of Appeals found that no findings of fact were required by the trial judge because no *voir dire* hearing was necessary in this case. We base our opinion, however, on the reasons set out above.

[3]  Defendant's second assignment of error to this Court concerns the trial judge's denial of his motions for nonsuit at the close of the State's evidence and at the close of all the evidence.

It is well settled that in order to rule on motions for judgment of nonsuit, the evidence for the State is to be taken as true, and every reasonable inference favorable to the State is to be drawn therefrom. *State v. Rankin*, 284 N.C. 219, 200 S.E. 2d 182 (1973); *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972).

If taken as true, the evidence in this case showed that on 16 January 1977, the defendant and the deceased got into a fight, at which time defendant's wife was apparently cut. The defendant

chased the deceased out toward East Market Street where a witness stated she saw a stabbing take place. Another witness saw the deceased lying in East Market Street. Officer Joyner saw the defendant come into Moses Cone Hospital later that night with his wife who was bleeding from a cut on her face. The defendant stated that a man had cut his wife and he had stabbed him and left him out there.

Taken as a whole with the benefit of all reasonable inferences, this evidence is clearly sufficient to go to the jury. Consequently, the motions for nonsuit were properly denied.

[4] The defendant next argues that the trial judge erred in his instruction to the jury on circumstantial evidence. The portion of the charge conplained of is as follows:

"Circumstantial evidence is recognized and accepted proof in a court of law. However, before you may rely upon the evidence to find the defendant guilty, you must be satisfied *beyond a reasonable doubt* that not only is the circumstantial evidence relied upon by the State consistent with the defendant being guilty but that it is inconsistent with his being innocent." (Emphasis added.)

Evidently the defendant contends that the error lies in the judge's failure to include the magic words, "that circumstantial evidence must point unerringly to defendant's guilt and exclude every other reasonable hypothesis." *State v. Beach*, 283 N.C. 261, 272, 196 S.E. 2d 214, 222 (1973), quoted in *State v. Hood*, 294 N.C. 30, 44, 239 S.E. 2d 802, 810 (1978). It is clear, however, that there is no set formula that a charge on circumstantial evidence must follow. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971); *State v. Lowther*, 265 N.C. 315, 144 S.E. 2d 64 (1965).

The defendant relies on *State v. Lowther, id.* at 316, 144 S.E. 2d at 66, in which the instruction stated merely that "the circumstances and conditions relied upon must be such as are not only consistent with guilt, but must be inconsistent with innocence." We held this charge to be prejudicial error.

Although the charge complained of in this case and the one in *Lowther* are similar, this instruction went the required step further. The jury was informed that not only must the circumstantial evidence presented at trial be consistent with guilt and inconsis-

tent with innocence, but they were told that it must be consistent with the defendant's guilt *beyond a reasonable doubt* and inconsistent with the defendant's innocence *beyond a reasonable doubt.* We find this charge to be substantially identical in meaning to the instruction that the evidence must point unerringly to the defendant's guilt, excluding all other reasonable hypotheses. This assignment of error is overruled.

[5] In his seventh assignment of error to the Court of Appeals, defendant excepts to certain portions of the judge's instructions to the jury. Specifically, the defendant argues that the definitions below were prejudicially deficient in that they did not require that the killings be intentional:

> "Second degree murder is the unlawful killing of a human being with malice.
>
> Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation."

In *State v. Mercer,* 275 N.C. 108, 120, 165 S.E. 2d 328, 337 (1969), this Court stated:

> "The record shows the court defined murder in the second degree as the unlawful and *intentional killing* of a human being with malice. Although not assigned as error, it seems appropriate to point out again that '(a) specific intent *to kill,* while a necessary constituent of the elements of premeditation and deliberation in first degree murder, is not an element of second degree murder or manslaughter.' (Citation omitted.) An *unlawful killing* with malice is murder in the second degree." (Emphasis supplied.)

We have also defined manslaughter as being "the unlawful killing of a human being without malice and without premeditation or deliberation." *State v. Benge,* 272 N.C. 261, 263, 158 S.E. 2d 70, 72 (1967).

Thus, had the able trial judge defined either crime in terms of intentional killings, as the defendant contends he must, the charge would have been incorrect. The defendant evidently is confusing the definitions of these crimes with the permissible inference of malice from proof of an intentional killing with a deadly weapon. This argument is without merit.

The defendant requested that we consider all the other assignments of error submitted to the Court of Appeals that are incorporated into defendant's appeal to this Court. Although defendant failed to discuss them further in either his brief or his argument before this Court, we have fully considered all the other assignments and find them without merit.

For the reasons stated above, the decision of the Court of Appeals is

Affirmed.

Justice BRITT took no part in the consideration or decision of this case.