## STATE v. CLARENCE THOMPSON.

(Filed 30 October, 1946.)

**1. Criminal Law § 67—**

On appeal from conviction in a criminal case, the jurisdiction of the Supreme Court is limited to matters of law or legal inference. Constitution of North Carolina, Art. IV, sec. 8.

**2. Homicide § 18—**

In order to be competent, dying declarations must relate to the act of killing or to circumstances so immediate attendant thereon as to constitute part of the *res gestæ*, must be made by the victim in the present anticipation of death, and death must ensue.

**3. Same—**

The ruling of the trial court admitting in evidence dying declarations will be reviewed only to determine if there is sufficient evidence as to the necessary facts, including the fact that the declarations were made in present anticipation of death, to support such ruling.

**4. Homicide § 27e—**

The definition of manslaughter in the court's charge as the unlawful killing of a human being without malice will not be held for error as inadequate.

**5. Criminal Law § 53d—**

An instruction which states the evidence and explains the law arising thereon under the form of contentions is sufficient and correct when the evidence is simple and direct and without equivocation and complication. G. S., 1-180.

**6. Same—**

Recapitulation of all the evidence is not required by G. S., 1-180, it being sufficient if the charge applies the law to the evidence and gives the position taken by the parties as to the essential features of the case.

**7. Criminal Law § 78e (2)—**

Any error or omission in the statement of the evidence upon a subordinate feature must be called to the attention of the court at the trial to avail the defendant any relief on his appeal.

APPEAL by defendant from *Thompson, J.,* at April Term, 1946, of LENOIR.

The defendant was tried upon a bill of indictment charging him with the murder of Ralph Williams, and was convicted of manslaughter. Upon judgment of imprisonment in the State Prison the defendant gave notice of appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Sutton & Greene for defendant, appellant.*

SCHENCK, J. The jurisdiction in this Court in an action of this kind is to review, upon appeal, any decision of the courts below upon any matter of law or legal inferences. Constitution of North Carolina, Art. IV, sec. 8.

The first exceptions set out in appellant's brief, Nos. 1 and 2, relate to the admission in evidence of certain statements made by the deceased to the effect that the defendant had shot him, offered by the State upon the theory of their being dying declarations. It is contended by the defendant that no proper basis for the introduction in evidence of such statements was laid. It is essential to the admissibility in evidence of statements by a decedent as dying declarations that the statements not only relate to the act of killing or to the circumstances so immediately attendant thereon as to constitute a part of the *res gestœ,* but it must also appear that such statements were made by the victim in the present anticipation of death, which death ensues. It is true the deceased did not say he believed he was about to die, or he knew he would not live, but it appears from the record that he expressed doubt that "he would live through it" (his wound). But, however this may be, on appeal the action of the trial court is only reviewable to determine whether there was evidence to show facts necessary to support such ruling. *S. v. Stewart,* 210 N. C., 362, 186 S. E., 488. In the instant case, we think and so hold that there was sufficient evidence to support the ruling of the court below.

The next exceptions set out in appellant's brief are exceptions 3, 4, 5, 6, 7, 8, 9 and 10 discussed together in such brief. Exception No. 3 is to that portion of his Honor's charge defining manslaughter as follows: "Manslaughter, gentlemen, is the unlawful killing of a human being without malice." It is contended by the defendant that the definition given of manslaughter was inadequate. The definition in the form given is in substantial compliance with that ofttimes given in this jurisdiction. *S. v. Lance,* 149 N. C., 551, 63 S. E., 198; *S. v. Baldwin,* 152 N. C., 822, 68 S. E., 148; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501;

*S. v. Leonard,* 195 N. C., 242, 141 S. E., 736; *S. v. Hodgin,* 210 N. C., 371, 186 S. E., 495, and cases there cited.

The next exceptions set out in the appellant's brief are Exceptions Nos. 11, 12 and 13. These exceptions are all bottomed upon the asserted failure of the court to state the evidence and apply the law thereto as required by G. S., 1-180. However, the court explained the law on essential features of the case and clearly stated the evidence, although it may appear that such explanation and statement were made under the form of contentions. There was no error in this statement. The evidence was simple and direct and without equivocation and complication. There was no error claimed at the trial by the defendant. The statement of the evidence and the application of the law thereto was made in a correct manner. The record is free from error, hence the verdict must be upheld. The recapitulation of all the evidence is not required under G. S., 1-180, and nothing more is required than a clear instruction which applies the law to the evidence and gives the position taken by the parties as to the essential features of the case. Any error or omission in the statement of the evidence must be called to the attention of the court at the trial to avail the defendant any relief on his appeal. *S. v. Graham,* 194 N. C., 459, 140 S. E., 26; *S. v. McNair, ante,* 462, 38 S. E. (2d), 514.

On the record as presented, the validity of the trial will be upheld.

No error.