STATE OF NORTH CAROLINA v. KENNETH ERNEST RICHARDS

STATE OF NORTH CAROLINA v. WILLIAM CECIL GAMBLE

No. 7223SC317

(Filed 28 June 1972)

1. **Criminal Law § 168— construction of charge**

   The charge of the court will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from any prejudice to defendant.

2. **Criminal Law § 168— charge on alibi — erroneous reference to State's witness**

   Trial court's mistaken reference to the State's witness when charging about one defendant and his alibi was not prejudicial error where the mistake was called to the court's attention and corrected.

3. **Criminal Law §§ 89, 95— prior criminal record — admission generally — instructions**

   The trial court did not err in including defendant's prior criminal record in its instructions without instructing the jury to consider it only for the specific purpose of impeachment, where testimony regarding defendant's criminal record was admitted generally without objection or request that the purpose of its admission be restricted.

4. **Criminal Law § 168; Robbery § 5— instructions — omission of element of crime — harmless error**

   Trial court's omission of one element of the crime of armed robbery in one paragraph of the charge was not prejudicial error where all of the elements of the crime were fully set forth in a preceding paragraph of the charge.

APPEAL by defendants from *Crissman, Judge,* 13 December 1971 Session of WILKES Superior Court.

Defendants, Kenneth Ernest Richards and William Cecil Gamble, were indicted for armed robbery. The cases were consolidated for trial and both defendants pleaded not guilty.

The State's evidence tended to show: On the night of 16 September 1971 at about 10:15 p.m. defendants, riding together in a yellow and black Dodge, stopped at the store of Allen Winebarger and went in. Defendant Richards pulled a gun and told Winebarger to put his hands over his head and back away from the counter; defendant Gamble also drew a gun. Winebarger was taken to the back of the store where defendants searched him and took his "personal belongings" including pocketbook and knife. Richards took money and checks from

the cash drawer totaling approximately $2500. Gamble ordered Winebarger to go to the stockroom where Gamble made him lie down on his stomach and tied Winebarger's hands.

Defendant Richards offered testimony of Annie Sue Swaim that he was with her from 8:00 or 9:00 o'clock on the night of 16 September 1971 until the following morning. Defendant Gamble testified in his own behalf and denied his participation in the alleged robbery.

The jury returned verdicts of guilty of armed robbery as to each defendant and the court entered judgments sentencing Richards to prison for not less than 15 nor more than 20 years and Gamble to prison for not less than 12 nor more than 15 years. From these judgments, defendants appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. Briley for the State.*

*T. R. Bryan, Sr., and Eric Davis for defendants appellants.*

BRITT, Judge.

[1] All of defendants' assignments of error relate to the court's charge to the jury. It is a well established principle of law in this State that the charge of the court will be construed contextually, and segregated portions will not be held prejudicial error when the charge as a whole is free from any prejudice to the defendant. *State v. Alexander*, 279 N.C. 527, 184 S.E. 2d 274 (1971) ; *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971) ; *State v. Hall*, 267 N.C. 90, 147 S.E. 2d 548 (1966) ; *State v. Gatling*, 5 N.C. App. 536, 169 S.E. 2d 60 (1969), affirmed 275 N.C. 625, 170 S.E. 2d 593 (1969).

[2] By their first assignment of error defendants contend that the court failed to correctly charge the jury as to which defendant claimed an alibi. At one point in the charge the court mistakenly referred to Winebarger, the State's witness, when charging about Richards and his alibi, but this mistake was called to the court's attention and corrected. In other parts of the charge the court correctly stated the evidence concerning Richards and the alibi and in summarizing Gamble's testimony made no mention of any alibi contention on Gamble's behalf. The assignment of error is overruled.

State v. Richards and State v. Gamble

**[3]** Defendant Gamble contends the court erred in including his prior criminal record in its instructions to the jury without instructing the jury to consider it only for the specific purpose of impeachment. Nothing in the record shows an objection to testimony regarding Gamble's prior criminal record or a request to restrict the purpose for which the evidence was received. In *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838 (1970), cert. den., appeal dismissed, 277 N.C. 459 (1970), the court stated that Rule 21 of the Rules of Practice in the Supreme Court provides that "where evidence admissible for some purposes, but not for all, is admitted generally, its admission will not be held for error unless the appellant requested at the time of its admission that its purpose be restricted." (Citations.) Since the evidence was admitted generally this assignment of error is without merit.

**[4]** By his assignment of error #4, based on exception #6, defendant Gamble contends that with respect to him the court failed to properly instruct the jury as to the elements of the crime of robbery with a firearm. The portion of the charge covered by this exception consists of two paragraphs separated by another paragraph. We agree that the second paragraph excepted to, standing alone, is error as it did not charge obtaining the property by endangering or threatening the life of the victim with a firearm as an element of robbery with a firearm. In the first paragraph covered by the exception, however, the court fully set forth all elements of the offense; when the charge is considered contextually as a whole we do not think defendant Gamble was prejudiced. The assignment of error is overruled.

We hold that defendants had a fair trial, free from prejudicial error, and the sentences imposed are within the limits allowed by statute.

No error.

Judges PARKER and HEDRICK concur.