STATE OF NORTH CAROLINA v. JACQUETTA ANNE DAVIS

No. 7414SC1001

(Filed 19 March 1975)

1. Narcotics § 4— heroin found in bedroom — constructive possession — sufficiency of evidence

In a prosecution for possession of heroin, evidence was sufficient to raise an inference that defendant possessed heroin hidden in the base of an artificial potted plant located in a bedroom ordinarily occupied by the defendant.

2. **Criminal Law § 75 —heroin in bedroom — statement by defendant that bedroom was hers — voluntariness**

   A statement made by defendant to an officer that the bedroom where heroin was found in a glassine bag was defendant's was volunteered by defendant and was not the result of custodial interrogation.

3. **Criminal Law § 112— proof of each fact of evidence beyond reasonable doubt not required**

   Where the State relied upon several factors to show that the defendant was in constructive possession of heroin, it was not necessary for the State to prove each separate fact beyond a reasonable doubt; rather it was enough, if upon the whole evidence, the jury was satisfied beyond a reasonable doubt of defendant's guilt.

4. **Criminal Law § 112— circumstantial evidence — failure of defendant to request instruction**

   Having instructed the jury that "proof of possession may be either by circumstantial or direct evidence," the trial court was not required further to explain to the jury "what circumstantial evidence was and how it should be considered by the jury" in the absence of a request by defendant for such instruction.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 22 August 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 13 February 1975.

This is a criminal prosecution wherein the defendant, Jacquetta Anne Davis, was charged in a bill of indictment, proper in form, with the felony of possession of the controlled substance heroin. At the trial, defendant entered a plea of not guilty. The jury returned a verdict of "guilty as charged"; and from a judgment imposing a prison sentence of five (5) years, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Alfred N. Salley for the State.*

*Daniel K. Edwards for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of her motions for judgment as of nonsuit. When considered in the light most favorable to the State, the evidence tends to show the following:

At approximately 7:25 p.m. on 12 April 1974, Officer J. C. Fuller and other officers of the Durham Police Department, armed with a search warrant, went to an apartment located at 2805 Ashe Street in Durham. Defendant and her mother, Mable

Davis Wright, lived in the apartment. When the officers arrived, the defendant, her mother, her two brothers, a cousin, and a male friend of the defendant's mother were present. Upon a search of the premises, Officer Fuller found a white envelope containing two needles and syringes and two bottle caps, referred to as "cookers", outside the apartment about four feet from the kitchen door. The "cookers" contained a small residue of heroin. In one of the bedrooms of the apartment, Officer Fuller also found a glassine envelope containing heroin hidden in the base of an artificial potted plant. Defendant told Officer Fuller that she occupied the bedroom in which he found the glassine envelope containing the heroin. Before defendant was taken to the police station, she put on a coat or "some kind of garment", which she obtained from a closet in this same bedroom. While in the police car, defendant told Officer Fuller: "You didn't find my stash of heroin." Evidence was also introduced that the defendant was a heroin addict and that during April of 1974 she was taking methadone under the supervision of the North Carolina Department of Mental Health.

The defendant's mother, who was also charged with possession of heroin and who was found not guilty, testified that she and her daughter, the defendant, ordinarily occupied the apartment and that the defendant ordinarily occupied the bedroom where the heroin was discovered. However, on some occasions, when her two sons, ages eight and fourteen, came to spend the night with her, they occupied her daughter's bedroom. The apartment contained two bedrooms, a living room, and a kitchen.

[1]   Constructive possession of contraband material exists when there is no actual personal dominion over the material but when there is an intent and capability to maintain control and dominion over it. *State v. Crouch*, 15 N.C. 172, 189 S.E. 2d 763 (1972). An accused has possession of contraband material within the meaning of the law when he has both the power and the intent to control its disposition or use. *State v. Summers*, 15 N.C. App. 282, 189 S.E. 2d 807 (1972). Applying these principles to the evidence adduced at defendant's trial, we are of the opinion the evidence is sufficient to raise an inference that the defendant possessed the heroin found in the pot containing the artificial plant located in the bedroom ordinarily occupied by the defendant. This assignment of error is not sustained.

[2] Defendant contends the court erred in allowing Officer Fuller to testify to a conversation he had with the defendant wherein she stated that the bedroom where the heroin was found in the glassine bag was hers. Defendant argues that this statement was obtained as a result of a custodial interrogation and was not competent in the absence of a showing by the State and a finding by court that she had understandingly and voluntarily waived her rights against self-incrimination. We do not agree.

Before any statements attributed to defendant were admitted into evidence, the trial court, following the approved procedure, conducted a voir dire hearing in the absence of the jury regarding the conversation between the defendant and the officer to determine whether any of the statements made by the defendants were admissible. After the hearing, in which only the State offered any evidence, the trial court found and concluded "that the statements made on the scene by each defendant was lawful and competent and voluntarily made and competent to be received in evidence". The conclusion made by the trial judge is supported by the evidence adduced at the voir dire hearing. While the record is confusing as to whether the statement challenged by this exception was made before or after her arrest, it is nevertheless clear that the statement was volunteered by the defendant and was not the result of custodial interrogation. This assignment of error has no merit.

By assignments of error two and three, defendant contends the court failed to declare and explain the law arising on the evidence as required by G.S. 1-180.

[3] First, defendant argues that the trial judge should have instructed the jury that it must find beyond a reasonable doubt the specific evidential facts relied upon by the State to show that defendant was in constructive possession of the heroin. Every element of the crime charged must be proved beyond a reasonable doubt but it is not necessary that every circumstance relied upon for conviction be established by that high standard of proof. *State v. Crane,* 110 N.C. 530, 15 S.E. 231 (1892) ; *State v. Trull,* 169 N.C. 363, 85 S.E. 133 (1915) ; 2 Stansbury's N. C. Evidence (Brandis Revision) Sec. 211. Thus, in this case, where the State relied upon several factors to show that the defendant was in constructive possession of the heroin, it was not necessary for the State to prove each separate fact beyond a reasonable doubt. It is enough, if upon the whole evidence, the jury is satis-

fied beyond a reasonable doubt of the defendant's guilt. Stansbury, *supra.*

[4]  Next, defendant argues that having instructed the jury "proof of possession may be either by circumstantial or direct evidence", the trial court should further have explained to the jury "what circumstantial evidence was and how it should be considered by the jury". In *State v. Warren,* 228 N.C. 22, 44 S.E. 2d 207 (1947), quoted with approval in *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572 (1971). Justice Denny, later Chief Justice, addressing himself to a similar contention stated:

> "This defendant also assigns as error the failure of the trial Judge to define circumstantial evidence and to instruct the jury how to appraise or evaluate such testimony. In the absence of a request to do so, the failure of the court to instruct the jury regarding circumstantial evidence, or as to what such evidence should show, will not be held for reversible error, if the charge is correct in all other respects as to the burden and measure of proof." [citation omitted.]

Here, the defendant made no request for special instructions regarding circumstantial evidence. Indeed, we can understand why he did not. The charge of the court with respect to the burden of proof was fair, adequate, and complete. The State relied on direct evidence tending to show that the defendant was in constructive possession of the heroin. The mere fact that there was evidence of other facts and circumstances tending to establish defendant's guilt, i.e., the syringes and "cookers" found on the premises and defendant's addiction to heroin, did not make it necessary for the trial judge to define circumstantial evidence and to instruct the jury how to appraise or evaluate such evidence. These assignments of error are overruled.

The defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.