STATE OF NORTH CAROLINA v. MICHAEL ALLEN LESTER

No. 57

(Filed 29 January 1976)

1. Homicide § 21— killing of hitchhiker — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a murder prosecution where it tended to show that defendant picked up two hitchhikers, he subsequently held them up with a gun and knife, demanded money and submission to homosexual acts, a fight ensued, and one of the hitchhikers was stabbed and shot and died as a result of these wounds.

2. Homicide § 14— unlawfulness and malice — constitutionality of presumptions

The presumptions of unlawfulness and malice arising from an intentional assault with a deadly weapon proximately resulting in death are constitutional.

3. Homicide § 24— heat of passion on sudden provocation — self-defense — burden of proof — jury instructions

Trial court's instructions which placed upon defendant the burden of proving that there was no malice on his part in order to reduce the crime from second degree murder to manslaughter and the burden of proving self-defense in order to excuse his act altogether

were not invalidated by *Mullaney v. Wilbur,* 421 U.S. 684, since that decision applied only to trials conducted on or after 9 June 1975, and defendant was tried in March, 1975.

4. **Homicide § 26— second degree murder — intent to kill — jury instructions**

The trial court did not err in instructing that second degree murder differs from first degree murder, *inter alia,* in that a specific intent to kill is not an element of second degree murder.

5. **Criminal Law § 46— flight of defendant — admissibility of evidence**

The trial court in a murder prosecution did not err in admitting evidence of flight consisting of testimony that defendant was arrested at his home some days after the crime with his car fully loaded with clothing and cooking utensils, nor did the court err in failing to instruct the jury, without request, on the weight to be accorded this evidence.

6. **Criminal Law § 43— photographs of crime scene — admissibility**

The trial court did not err in admitting into evidence several photographs of the crime scene although the witness who identified the photographs had been at the scene at night and the photographs had been taken during the daytime.

7. **Criminal Law §§ 34, 169— defendant's guilt of other offense — evidence not prejudicial**

Defendant was not prejudiced by the district attorney's cross-examination of him concerning prior convictions where defendant unresponsively volunteered information as to charges against him, and the trial court allowed defendant's motion to strike all the testimony and instructed the jury to disregard it.

8. **Criminal Law § 86— defendant's undesirable military discharge — admissibility**

The trial court did not err in allowing cross-examination of defendant concerning the circumstances of his undesirable discharge from military service.

9. **Criminal Law § 86— impeachment of defendant**

The trial court did not err in allowing the State to show for purposes of impeachment that defendant did not voluntarily turn himself in to police officers where defendant had already testified that he "did not want to run" and where there was already abundant evidence of the circumstances of defendant's arrest.

APPEAL as of right by defendant pursuant to General Statute 7A-27(a).

By an indictment· drawn under General Statute 15-144 defendant was charged with the murder on December 29, 1974, of Robert Abram Waller III. On his plea of not guilty he was tried by *Baley, S.J.,* during the second week of the March 31, 1975 Session of GUILFORD Superior Court. Possible verdicts of

murder in the first degree on the theories of felony murder and of a premeditated and deliberate murder, murder in the second degree, manslaughter and not guilty were submitted to the jury. The jury returned a verdict of guilty of second degree murder. Defendant was sentenced to life imprisonment.

*Rufus L. Edmisten, Attorney General, by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Wallace C. Harrelson, Public Defender, Eighteenth Judicial District, for defendant appellant.*

EXUM, Justice.

[1] Defendant assigns as error the denial of his motion for judgment as of nonsuit. However his argument on this point is limited to the statement, "This is a formal assignment of error and is brought forward to preserve the record." This assignment is abandoned. Rule 28, Rules of Practice in the Supreme Court of North Carolina. Suffice it to say that there was plenary evidence that defendant murdered Robert Waller.

We deem it unnecessary to set out the facts in detail. In brief, evidence for the State tended to show: Defendant picked up two hitchhikers, Kent Wells and Robert Waller, on his way to Greensboro from Danville, Virginia. Wells and Waller were early for a concert at the Greensboro Coliseum so they rode around with defendant, sharing his marijuana cigarettes, and trying to find defendant's "girl friend" Linda. In the course of the episode at the end of a dirt road defendant held up Wells and Waller with a gun and knife, demanding money and submission to homosexual acts. A fight ensued. Waller was stabbed and shot and died as a result of these wounds. Wells escaped. Evidence for defendant tended to show: At the scene of the incident Wells grabbed a bag of defendant's marijuana which precipitated heated discussion and a general fist fight. Waller pulled out a knife, threatened defendant with death, and demanded his money. Defendant stabbed Waller with his own knife and shot him solely for his own protection. The evidence for the defendant tended to show self-defense. Synthesizing the two accounts the jury could also have found that defendant, although not acting lawfully, nevertheless killed in the heat of passion on sudden provocation or used excessive force in an otherwise proper self-defense.

[2, 3] Defendant assigns as error the charge of the court relative to the presumptions of malice and unlawfulness and the burden of proof as to heat of passion on sudden provocation and burden of proof on self-defense contending that it violates Fourteenth Amendment Due Process as interpreted in *Mullaney v. Wilbur,* 421 U.S. 684 (1975). In his charge the trial judge placed upon the State the burden of proving beyond a reasonable doubt that defendant "intentionally and without justification or excuse [i.e., unlawfully] and with malice stabbed and shot Robert Waller with a deadly weapon." However the trial judge also instructed that "[i]f the State proves beyond a reasonable doubt that the defendant intentionally killed Robert Waller with a deadly weapon or intentionally inflicted a wound upon Robert Waller with a deadly weapon that proximately caused his death, the law raises two presumptions: First, that the killing was unlawful; and second, that it was done with malice." The court also charged that "[i]n order to reduce the crime from second degree murder to manslaughter, the defendant must prove not beyond a reasonable doubt but simply to your satisfaction that there was no malice on his part. And in order to excuse his act altogether on the ground of self-defense, the defendant must prove not beyond a reasonable doubt but simply to your satisfaction that he acted in self-defense." The constitutionality of this type of charge has been considered at length in *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975) and *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975). In these cases we held that the presumptions of unlawfulness and malice arising from an intentional assault with a deadly weapon proximately resulting in death are constitutional. In *State v. Hankerson, supra,* we held that although the charge in its entirety unconstitutionally relieved the State of proving malice, i.e., absence of heat of passion, and unlawfulness beyond a reasonable doubt when those issues were raised by the evidence, the decision in *Mullaney v. Wilbur, supra,* was not to be applied retroactively to trials conducted before the date of that decision, June 9, 1975. In this case defendant was tried during the second week of the March 31, 1975 Criminal Session of Guilford County Superior Court. Judgment was entered April 11, 1975. This assignment of error is overruled.

[4] Defendant contends that the court erred in instructing that second degree murder differs from first degree murder, *inter alia,* in that a specific intent to kill is not an element of second degree murder. "A specific intent to kill . . . is not an element

State v. Lester

of second degree murder or manslaughter." *State v. Gordon,* 241 N.C. 356, 358, 85 S.E. 2d 322, 324 (1955). *Compare State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975) *with State v. Winford,* 279 N.C. 58, 181 S.E. 2d 423 (1971). This contention is consequently without merit.

[5]  Defendant next argues that the court erred in admitting evidence of flight and in failing to instruct the jury, without request, on the weight to be accorded this evidence. The defendant was arrested at his home some days after the crime with his car fully loaded with clothing and cooking utensils. The car was impounded. A witness for the State was allowed to testify to numerous articles found in the back seat and trunk of the automobile and photographs were admitted which illustrated his testimony. This testimony was clearly admissible and competent to be considered by the jury in passing upon defendant's guilt. *State v. Self,* 280 N.C. 665, 672, 187 S.E. 2d 93, 97 (1972) ; *accord, State v. Lampkins,* 283 N.C. 520, 196 S.E. 2d 697 (1973) ; 2 Stansbury's North Carolina Evidence § 178 (Brandis Rev. 1973).

That the testimony was admissible does not require the judge, without a request therefor, to instruct the jury as to the weight to be given this evidence. In the absence of a special request the trial judge is not required to instruct the jury on subordinate features of a case. "[I]nstructions as to the significance of evidence which do not relate to the elements of the crime itself or defendant's criminal responsibility therefor have been considered subordinate features of the case." *State v. Hunt,* 283 N.C. 617, 624, 197 S.E. 2d 513, 518 (1973). Flight is not an element of the State's case nor is its absence a defense. It is merely a circumstance to be considered by the jury in determining a general *mens rea* in a criminal case. *State v. Lampkins, supra.*

[6]  Several photographs were admitted into evidence of the crime scene although the witness who identified the photographs had been at the scene at night and the photographs had been taken during the daytime. Defendant contends this was error. This contention was squarely rejected in *State v. Johnson,* 280 N.C. 281, 286, 185 S.E. 2d 698, 701 (1972) where we said:

> The admissibility of the photographs for the limited purpose did not depend on the degree or the source of the illumination at the time they were made. The photographs

were admissible for the purpose of illustrating the testimony to the end that the court and jury might better evaluate it.

We, likewise, reject it here.

**[7]** Defendant raises the question whether the trial judge erred in allowing cross-examination of defendant as to prior criminal charges against him. If this had been done it would, of course, have been error. We held in *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971) that it is improper to cross-examine a witness as to indictments, warrants or arrests which may have been made against him. There are several reasons why *Williams* is inapplicable here. First, the District Attorney repeatedly asked defendant what he had been convicted of, not what he had been charged with. It was defendant who unresponsively volunteered information as to charges. Second, defendant's motion to strike all this testimony was allowed and the judge instructed the jury to disregard all of it. The general rule is that if "evidence erroneously admitted is later excluded or withdrawn and the jury instructed to disregard it, ordinarily the error in admitting it will be regarded as harmless." 1 Stansbury's North Carolina Evidence § 28 (Brandis Rev. 1973). Third, it appears from his testimony that in fact defendant was convicted of the crime about which the District Attorney inquired—an assault and battery tried April 4, 1972, in Corporation Court in Danville, Virginia, but that in that case he noted an appeal and was not represented by an attorney. From the record, the most likely reason the trial judge struck the testimony and instructed the jury to disregard it was not that he considered it merely a charge but that he was afraid it would be a violation of due process to impeach defendant by proof of prior convictions which were void because defendant was not represented by counsel. *Compare Argersinger v. Hamlin,* 407 U.S. 25 (1972) *with Loper v. Beto,* 405 U.S. 473 (1972).

**[8]** Defendant next contends that the court erred in allowing cross-examination of defendant concerning the circumstances of his undesirable discharge from military service. It would serve no useful purpose to consider each question and objection. Suffice it to say that no error was committed. It is settled in this State than an accused person who testifies as a witness may be cross-examined regarding prior acts of misconduct. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972).

State v. Lester

**[9]** Defendant complains that certain questions on cross-examination violated his privilege against self-incrimination. At one point defendant was asked if he had ever told a law enforcement officer that he had been the victim of an attempted robbery by Wells and Waller. After objection and a bench conference the question was withdrawn. At another point he was required to answer the question, "When, if ever, Mr. Lester, did you turn yourself in to the police?" Defendant had already testified that he had "returned from Lexington to Greensboro because I did not want to run." It was entirely proper thereafter for the State to show that he had not voluntarily turned himself in. A testifying defendant is subject to impeachment by cross-examination, generally to the same extent as any other witness. 1 Stansbury's North Carolina Evidence §§ 39, 56 (Brandis Rev. 1973). There was already abundant evidence in the record of the fact and circumstances of defendant's arrest. Assignments of error to which this argument is directed are overruled.

Defendant argues that the trial court erred in allowing testimony for corroborative purposes which was not in fact corroborative. The witness Wells testified without objection that defendant had said he had "good connections" in Richmond. An objection was then sustained to the question, "What, if anything, did you take that to mean?" The witness Knight testified for the purpose of corroborating Wells' testimony that Wells had hold him (Knight) that defendant said he had "some type of connections in Richmond." An objection (not a motion to strike) was lodged to this answer. The overruling of the objection is assigned as error. We are of the opinion that the testimony did corroborate the earlier testimony of Wells which had been admitted without objection. There is no merit to this argument. *See State v. Patterson,* 288 N.C. 553, 220 S.E. 2d 600 (1975).

We have carefully examined all defendant's assignments of error and find them to be without merit.

In the trial we find

No error.