STATE OF NORTH CAROLINA v. CARL HUBERT ALSTON, JR.

No. 7718SC884

(Filed 4 April 1978)

1. **Criminal Law § 75.9— volunteered incriminating statements—no voir dire required**

   The trial court was not required to conduct a *voir dire* hearing to determine the admissibility of defendant's volunteered statements, nor was the judge, when he held a hearing in his discretion, required to support his determination with specific findings of fact, since the evidence tended to show that defendant's incriminating statements were made in a hospital within the hearing of a police officer; defendant was not in custody at the time he made the statements; and the statements were not the result of any threats or compulsion.

2. **Criminal Law § 43— illustrative evidence—no findings of fact required**

   A trial judge is not required to make findings of fact upon the admission of illustrative evidence.

3. **Homicide § 21.7— murder by stabbing—sufficiency of evidence**

   Evidence in a murder prosecution was sufficient to be submitted to the jury, though there was no direct evidence identifying defendant as the person who killed the deceased, since there was evidence of an altercation between the defendant and the deceased after which defendant pursued deceased from the scene of the altercation; a trail of blood led from that scene to the site of the killing; a man was seen stabbing another man near the scene of the altercation between defendant and deceased; and defendant admitted stabbing a man who had cut his wife.

4. **Criminal Law § 116— defendant's failure to testify—instruction not prejudicial**

   Where the trial judge, at the close of the State's evidence, directed the jury to go to lunch explaining that "the defendant has elected not to put on any evidence which is the privilege of the defendant, of course," any error was cured by the court's subsequent full instruction with respect to defendant's failure to testify or offer evidence.

**5. Criminal Law § 112.4— circumstantial evidence—jury instructions proper**

    The trial court's instruction on circumstantial evidence which stated that "you must be satisfied beyond a reasonable doubt that not only is the circumstantial evidence relied upon by the State consistent with the defendant being guilty but that it is inconsistent with his being innocent" was sufficient to explain to the jury the intensity of proof required for conviction on the basis of circumstantial evidence.

**6. Homicide § 28.5— defense of family—instruction not required**

    In a prosecution for murder, defendant's statement that he had stabbed a man who cut his wife was not sufficient to raise an issue of defense of family, since the evidence did not show that defendant, in stabbing deceased, was acting to save his wife from death or great bodily harm but instead tended to show that defendant pursued deceased some 100 yards from the scene of an altercation between them to the place where the stabbing occurred.

**7. Homicide § 23.1— second degree murder and voluntary manslaughter—intentional crimes—instructions proper**

    The trial court properly instructed the jury that second degree murder and voluntary manslaughter were intentional killings.

    Judge WEBB dissenting.

APPEAL by defendant from *Collier, Judge.* Judgment entered 2 June 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 February 1978.

The defendant was charged in a proper bill of indictment with the murder of Alexander Barnhardt. Upon his plea of not guilty, the State presented evidence tending to show the following:

On 16 January 1977 the defendant and the deceased, Alexander Barnhardt, were at the Carlotta Club in Greensboro, North Carolina. After Barnhardt and the defendant's wife finished dancing, a fight erupted between Barnhardt and the defendant. The fight continued outside in the parking lot where the defendant struck Barnhardt several times. The defendant's wife "grabbed herself," and Barnhardt fled with the defendant following in pursuit. Two women driving by on Market Street in the vicinity of the Carlotta Club saw one man crouched over another man, stabbing him repeatedly.

A short time after midnight on the same night the defendant arrived at the emergency room of Moses Cone Hospital in Greensboro accompanying his wife who was bleeding from a cut

on her face. He was quite upset and told a police officer that a man had cut his wife and that he had stabbed the man. He then stated in a loud voice to the desk clerk that the man "deserved killing" and he was going to find him. The police officer notified headquarters that a stabbing had taken place and then followed the defendant to his automobile. When the defendant attempted to start his car the officer grabbed his keys and asked him to get out of the car. The officer found several knives in the car, one of which appeared to have blood on it.

Barnhardt was found dead lying beside Market Street with knife wounds in his chest, face, arms and neck. A trail of blood led from his body to the parking lot of the Carlotta Club.

The defendant offered no evidence. The jury found the defendant guilty of second degree murder. From a judgment imposing a 35 to 40 year prison sentence, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Assistant Public Defender D. Lamar Dowda for the defendant appellant.*

HEDRICK, Judge.

[1] In his first assignment of error the defendant contends that the trial court erred in "failing to find facts upon which to base its conclusions after conducting three *voir dire* examinations." The first *voir dire* hearing to which the defendant refers was conducted upon the defendant's objection to the admission of testimony recounting the incriminating statements made by defendant as he entered the hospital with his wife.

It is a firmly established rule that when the defendant objects to the introduction of an in-custody confession, "the trial judge must conduct a *voir dire* hearing to determine whether the confession was voluntarily made and whether the requirements of the *Miranda* decision have been met." *State v. Biggs*, 289 N.C. 522, 529-30, 223 S.E. 2d 371, 376 (1976). At the conclusion of the hearing the trial judge must make specific findings of fact if there are any material conflicts in the evidence. *State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977).

The first statement by the defendant to which Officer Joyner testified was made when the defendant brought his wife to the emergency room. Officer Joyner who happened to be at the hospital for another matter observed the defendant walk in and heard him state "that a man had cut his wife and that he had stabbed him and stabbed him and left him out there." A few minutes later as Officer Joyner was talking on the telephone he overheard the defendant state to the desk clerk "that a man that would do something like that deserved killing, and he was going back out there." The record clearly and affirmatively demonstrates that the defendant was not in the custody of the police officer when he made the incriminating statements. Thus, the cases cited by the defendant and relied upon in his brief are not controlling in the present case.

In *State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970), the defendant argued that the trial court erred in failing to conduct a *voir dire* hearing upon his objections to the admission of statements made to a fellow inmate. Justice Higgins, speaking for the Supreme Court, rejected the defendant's argument as follows:

> The defendant misinterprets the necessity for the voir dire examination to determine the voluntariness of his admissions to his jailmate Pierce. As a general rule, voluntary admissions of guilt are admissible in evidence in a trial. To render them inadmissible, incriminating statements must be made under some sort of pressure.

*State v. Perry, supra* at 345, 172 S.E. 2d at 546. In the present case, as in *Perry*, the defendant volunteered the incriminating statements free from any threat or compulsion. Thus, the trial judge was not required to conduct a *voir dire* hearing. And when, in his discretion, he sent the jury from the room and held a hearing to determine the admissibility of the statements, he was not then required to support his determination with specific findings of fact.

[2] The second and third *voir dire* hearings were held to determine the admissibility of State Exhibits consisting of photographs of the deceased and the interior of the automobile which the defendant drove to the hospital and a knife found in the automobile. Following the hearings the photographs were admitted by the trial court for illustrative purposes, but the knife was

excluded. The defendant apparently argues that because of some "confusion" surrounding the admission of the photographs the trial court was required to make specific findings of fact at the conclusion of the hearings. We are unaware of any rule requiring the trial judge to make findings of fact upon the admission of illustrative evidence and we see no reason to impose such a burden. This assignment of error is overruled.

[3] By his second assignment of error the defendant contends that the trial court erred in failing to grant defendant's motions for judgment as of nonsuit at the close of the State's evidence. While there is no direct evidence identifying the defendant as the person who killed the deceased, there is evidence that there was an altercation between the defendant and the deceased after which the defendant pursued the deceased from the Carlotta Club parking lot; that a trail of blood led from the parking lot to the site of the killing; that a man was stabbing another man on Market Street near the Carlotta Club; and that the defendant admitted to stabbing a man who had cut his wife. Viewed in the light most favorable to the State, *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971), this evidence is sufficient to require submission of the case to the jury and to support the verdict.

[4] In his third assignment of error the defendant contends that the trial court erred in its instructions to the jury regarding the defendant's right "not to offer evidence." At the close of the State's evidence the trial judge directed the jury to go to lunch explaining that "[t]he defendant has elected not to put on any evidence which is the privilege of the defendant, of course." Thereafter in his charge, the trial judge fully instructed the jury with respect to the defendant's failure to testify or offer evidence. The defendant, without citing any authority, argues that the prior statement by the trial judge with respect to the defendant's right not to testify was inadequate to explain the law and was not cured by the subsequent full instruction. The trial judge's instruction satisfies the standards of G.S. 8-54, conforms to instructions approved by our Supreme Court, *State v. Covington,* 290 N.C. 313, 226 S.E. 2d 629 (1976), and was almost identical to that suggested by the defendant. Any prejudice resulting from the trial judge's prior statement was cured by his instruction. This assignment of error is overruled.

[5] By his fourth assignment of error the defendant contends that the trial court erred in its instruction to the jury relative to its consideration of circumstantial evidence. The trial judge charged in pertinent part as follows:

> Circumstantial evidence is recognized and accepted proof in a court of law. However, before you may rely upon the evidence to find the defendant guilty, you must be satisfied beyond a reasonable doubt that not only is the circumstantial evidence relied upon by the State consistent with the defendant being guilty but that it is inconsistent with his being innocent.

In the absence of special request by the defendant the trial judge is not required to instruct on circumstantial evidence. *State v. Davis*, 25 N.C. App. 181, 212 S.E. 2d 516 (1975). The record in this case does not show that any such request was tendered by the defendant.

In any event, it has been held that no set form of words is necessary to explain to the jury the intensity of proof required for conviction on the basis of circumstantial evidence. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971). We think the instruction in the present case, measured by standards formulated by the Supreme Court, is adequate to convey the substance of the law that in order to justify conviction all circumstances proved must be "consistent with the hypothesis of guilt and inconsistent with every other reasonable hypothesis." *State v. Westbrook, supra* at 42, 181 S.E. 2d at 586. We are aware that the instruction found deficient in *State v. Lowther*, 265 N.C. 315, 144 S.E. 2d 64 (1965), is similar to that challenged in the present case. While we do not project the instruction in the present case as a model, we do think that it is sufficiently explicit to escape the infirmities of the *Lowther* instruction. Accordingly, we find no error in the challenged instruction.

The defendant next contends that the trial court erred in its instruction to the jury regarding illustrative evidence. When the photographs of the deceased were admitted into evidence the trial judge instructed the jury that "you may consider these photographs only for the purpose of illustrating the testimony of this witness, if you do so find that they illustrate her testimony, and for no other purpose." When the photograph of the interior of

the defendant's automobile was admitted the trial judge instructed to the same effect. These instructions which were apparently overlooked by the defendant in his argument were clearly adequate to explain the law, and the trial judge was not required to instruct further. *State v. Sparks*, 285 N.C. 631, 207 S.E. 2d 712 (1974); 1 Stansbury § 34 (Brandis Rev. 1973).

[6] Next, the defendant argues that the trial court erred in failing to instruct on the law of defense of family. A person has the right to kill in defense of self or family. *State v. Carter*, 254 N.C. 475, 119 S.E. 2d 461 (1961). And if there is evidence tending to raise such a defense then it becomes a substantial feature of the case and the defendant is entitled to an instruction thereon. *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974). In the present case the record is devoid of any evidence that the defendant in stabbing the deceased was acting to save his wife from death or great bodily harm. To the contrary, the evidence tends to show that the defendant chased the deceased from the Carlotta Club parking lot to a spot one hundred yards away where the stabbing occurred. The defendant's statement that he had stabbed the man who cut his wife was not sufficient, standing alone, to raise an issue of defense of family. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976).

[7] In his seventh assignment of error the defendant contends that the trial court erred in failing to "explain to the jury that second degree murder and voluntary manslaughter are intentional killings." The exception on which this assignment is based refers to the following definitions included in the judge's charge:

Second degree murder is the unlawful killing of a human being with malice.

Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation.

Later in his charge the judge instructed that in order to find the defendant guilty of second degree murder the jury must find "that the defendant intentionally and with malice stabbed" the deceased; and that in order to find the defendant guilty of voluntary manslaughter the jury must find that the defendant "intentionally and without justification or excuse, stabbed" the deceased. The defendant argues that the subsequent instructions failed to cure the deficiencies of the earlier definitions.

As a general rule, the judge's charge must be considered as a whole " 'and isolated portions of it will not be held prejudicial when the charge as a whole is correct.' " *State v. Bailey*, 280 N.C. 264, 267, 185 S.E. 2d 683, 686 (1972). The omission of an element of the offense in one portion of the judge's charge will not be deemed prejudicial when he fully sets forth all elements in another portion. *State v. Richards*, 15 N.C. App. 163, 189 S.E. 2d 577 (1972).

With respect to the judge's charge on voluntary manslaughter, we find that the first definition provided by the judge was adequate in itself. *State v. Thompson*, 226 N.C. 651, 39 S.E. 2d 823 (1946). Assuming, however, that the first definition of second degree murder was inadequate standing alone, the charge as a whole reflects that all elements of the offense were fully explained to the jury. This assignment of error has no merit.

The defendant also assigns as error the trial court's instruction regarding the presumptions raised by the use of a deadly weapon in a homicide. The court's instruction was substantially similar to one recently approved by the Supreme Court in *State v. Biggs*, 292 N.C. 328, 233 S.E. 2d 512 (1977). And it is now settled that the presumptions of unlawfulness and malice which arise on evidence of an intentional killing with a deadly weapon are constitutional. *State v. Lester*, 289 N.C. 239, 221 S.E. 2d 268 (1976). This assignment of error is clearly without merit.

The defendant, in his final assignments of error, attacks the trial court's instructions with respect to provocation and burden of proof. The defendant points out several references by the judge in his charge to "adequate provocation" and argues in effect that the phrase was left "undefined." The defendant ignores that portion of the charge fully explaining the legal concept of provocation. The charge also reveals that the trial judge fully instructed on the State's burden of proof as to each element. These assignments border on the frivolous.

The defendant received a fair trial free from prejudicial error.

No error.

State v. Alston

Judge BRITT concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent on the ground that the instructions on circumstantial evidence violate the rule of *State v. Lowther*, 265 N.C. 315, 144 S.E. 2d 64 (1965). The judge in his charge followed almost verbatim the Pattern Jury Instructions, NCPI—Crim. 104.06. I am aware that the instructions on circumstantial evidence were recently changed to the form in which Judge Collier gave them. I do not understand why they were changed. As I read *Lowther*, no set form of words is required, but the jury must be told in substance that the circumstantial evidence must point unerringly to guilt and exclude to a moral certainty every other reasonable hypothesis except that of guilt. I do not believe the instructions in this case did so.

The majority relies on *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971). In that case, the judge instructed the jury that one of the theories upon which the State was proceeding was that the defendant was acting in concert with another person and that community of purpose could be shown by circumstances as well as by direct evidence. The court instructed the jury that they must be satisfied beyond a reasonable doubt that the defendant was acting as a part of a common plan. The Supreme Court held this to be sufficient. In this case, the judge charged the jury as to circumstantial evidence that they must be satisfied "beyond a reasonable doubt that not only is the circumstantial evidence . . . consistent with the defendant being guilty but that it is inconsistent with his being innocent." I believe this was error, and I vote to reverse.