STATE OF NORTH CAROLINA v. KIM CARROLL, DEFENDANT-APPELLANT

No. 9014SC417

(Filed 19 February 1991)

1. **Criminal Law § 34.6 (NCI3d)— insurance fraud—prior false claims—admissibility to show intent**

   In a prosecution for making a fraudulent insurance claim, evidence concerning two previous insurance claims made by defendant within the past five years at other stores owned by her was relevant to show intent, absence of mistake and a pattern by which defendant made and then exaggerated insurance claims resulting from commercial burglary. N.C.G.S. § 8C-1, Rule 404(b).

   **Am Jur 2d, Evidence § 324.**

2. **Insurance § 138 (NCI3d)— insurance fraud—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for making a fraudulent insurance claim where it tended to show that defendant claimed $46,461.00 in losses from 700-800 items from the showroom floor when the showroom floor still appeared stocked to near capacity; that defendant could not produce invoices for these items; and that defendant had made exaggerated insurance claims for the loss of items at two other stores.

   **Am Jur 2d, Evidence §§ 1124, 1125; Fraud and Deceit § 11.**

3. **Insurance § 138 (NCI3d)— insurance fraud—instruction on filing "false or fraudulent" claim**

   The trial court did not commit plain error in instructing the jury to decide whether defendant had filed a "false or

STATE v. CARROLL

[101 N.C. App. 691 (1991)]

fraudulent" insurance claim and in submitting a verdict sheet which used only the word "false" when the indictment used only the word "fraudulent" where the court specifically instructed the jury that defendant must have "willfully and knowingly" made a false claim in order to be guilty under N.C.G.S. § 14-214, since a false claim is tantamount to a fraudulent claim when it is coupled with a knowing intent.

**Am Jur 2d, Fraud and Deceit § 11; Trial §§ 701, 705.**

4. **Insurance § 138 (NCI3d) — making fraudulent insurance claim — indictment — failure to allege insurance contract**

The failure of an indictment for making a fraudulent insurance claim to assert the existence of a contract of insurance could not have prejudiced defendant where she was clearly notified by the terms of the indictment of the particular insurance claim at issue.

**Am Jur 2d, Fraud and Deceit § 11; Indictments and Informations §§ 143, 144.**

APPEAL by defendant from judgment entered 23 October 1989 by *Judge Robert H. Hobgood* in Superior Court, DURHAM County. Heard in the Court of Appeals 15 January 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General P. Bly Hall, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted under N.C.G.S. § 14-214 for making a fraudulent statement to an insurance company. She was tried and convicted 20 September 1989. On 23 October 1989 the court entered judgment sentencing defendant to the presumptive term of two years, with said sentence being suspended for a period of five years and defendant placed on supervised probation for five years. The court also imposed on defendant a fine of $2,000 and ordered that she pay the court costs. From this judgment defendant appeals.

Defendant's clothing store at North Duke Mall was broken into on 11 May 1988. Defendant reported that $172.54 in cash had been stolen, as well as an uncertain quantity of merchandise. On

the next day the defendant listed as missing between 700 and 800 items, including large pocketbooks, briefcases, coats, jackets, warm-up suits, pants and other similar items, with a cash value of $46,461.00. Officer Baker testified that upon his arrival at the scene, the racks and floor space were still packed with merchandise. Defendant was unable to provide invoices for the missing merchandise, claiming that her accountant had her papers, but she refused to provide her accountant's name.

[1] Defendant assigns as error the trial court's admission of evidence concerning two previous insurance claims made by defendant at other stores owned by her. In the early part of 1983, soon after purchasing a theft policy, the defendant made a claim for $17,000. According to the testimony of her insurance agent, she had at first claimed that the damages were only several hundred dollars. On 8 or 9 January 1984 she increased the theft coverage on this policy. On 11 January 1984 she reported a break-in at that store, claiming the theft of $22,000 in cash and $39,556 in an undetermined amount of merchandise. The reporting police officer noted that upon his arrival at the scene after the break-in there were no noticeable gaps in inventory. The trial court admitted the evidence over defendant's objections under N.C. Rule of Evidence 404(b) to show "motive, opportunity, intent, preparation, plan, knowledge . . . or absence of mistake. . . ."

Defendant argues that the ruling was in error because the earlier incidents are not sufficiently similar and because they are too remote in time. We disagree. The earlier incidents are relevant insofar as they tend to show intent, absence of mistake and a pattern by which defendant made and then exaggerated claims resulting from commercial burglary. These prior instances are within five years of the present claim, exhibit a distinctive modus operandi, and are relevant under Rule 404(b) apart from what they suggest about the defendant's character. *State v. Freeman*, 79 N.C. App. 177, 181, 339 S.E.2d 56, 58 (1986).

[2] Defendant also argues that the trial court erred in denying her motion to dismiss. In ruling on a motion to dismiss, the trial judge must determine whether there is substantial evidence of each essential element and of the defendant's identity as the perpetrator. *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652-53 (1982). The elements of the crime with which the defendant is charged are (1) that a contract of insurance existed, (2) that

defendant presented a claim for payment of a loss upon that contract, (3) that the claim was false or fraudulent, and (4) that the defendant acted willfully and knowingly. *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940). We conclude that there was sufficient evidence to support the elements of the charge. That the defendant claimed $46,461.00 in losses from 700-800 items from the showroom floor when the showroom floor still appeared stocked to near capacity and that the defendant could not produce invoices for these items, in conjunction with the prior instances of defendant's claims, provides adequate support to sustain the charges in the face of a motion to dismiss for insufficiency of evidence. *State v. Earnhardt*, 307 N.C. at 66, 296 S.E.2d at 652-53.

[3] The defendant argues that the judge committed plain error when, in his instructions to the jury he asked them to decide whether the defendant had filed a "false or fraudulent" claim, and submitted a verdict sheet which uses only the word "false," whereas the indictment uses only the word "fraudulent." Defendant argues that because a fraudulent claim involves elements additional to that of a "false" claim, that the judge's action amounts to plain error. We disagree. A trial court's action rises to the level of plain error only where the appellate court "is convinced that the jury (otherwise) probably would have reached a different verdict." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986). While "false" and "fraudulent" do in this context have different, though overlapping, meanings, N.C.G.S. § 14-214 states clearly that either is sufficient for conviction under the statute. The North Carolina Supreme Court has stated that conviction under the statute always requires an element of "willful" and "knowing" submission of a false claim. *State v. Stephenson*, 218 N.C. at 264, 10 S.E.2d at 823. Where the filing of a false claim is coupled with a knowing intent for the purposes of conviction under the statute, the filing of a "false" claim is tantamount to the filing of a "fraudulent" claim. We note that the trial court specifically instructed the jury that it must find that the defendant "willfully and knowingly" made a false claim. We conclude that the action of the trial court was not prejudicial.

The defendant also assigns plain error to the trial judge's failure to instruct the jury in the mandate portion of his charge that it must find beyond a reasonable doubt specific facts to support the essential elements of the charge. We overrule this assignment of error. While every element of a charge must be proven beyond

a reasonable doubt, "it is not necessary that every circumstance relied upon for conviction be (so) established." *State v. Davis*, 25 N.C. App. 181, 184, 212 S.E.2d 516, 518 (1975). We therefore do not find plain error in the trial court's instructions.

[4] Finally, defendant argues that the indictment is fatally vague because it fails to specifically assert the existence of a contract of insurance upon which a false claim was made. An indictment must be sufficiently clear to notify the defendant of the particular offense with which she is being charged and to allow the accused to prepare for her defense. *State v. Barnes*, 253 N.C. 711, 717-18, 117 S.E.2d 849, 853 (1960). While the indictment does not specifically assert the existence of a contract of insurance, it does allege that a fraudulent claim was made by the accused to the North Carolina Farm Bureau Insurance Company. The failure of the indictment to assert the existence of a contract of insurance could in no way prejudice the defendant where she was clearly notified by the terms of the indictment of the particular insurance claim at issue. In the absence of any prejudice to the defendant, we conclude that the language of the indictment was sufficient.

We find no prejudicial error.

No error.

Judges ARNOLD and JOHNSON concur.